MARLIES MIKE HOLMES

v.

JAMES E. HOLMES

No. 1123-88-2

Decided July 25, 1989

COUNSEL

Sylvia Clute (Nancy B. Cherry; Clute and Shilling, on brief), for appellant.

Harry P. Anderson (Anderson, Parkerson and Shields, on brief), for appellee.

OPINION

BARROW, J.—This is an appeal from a denial of a motion to vacate a final decree of divorce. We conclude that the trial court should have vacated that part of the decree incorporating the separation agreement and should have conducted a plenary hearing to determine if the agreement was obtained by fraud.

The parties entered into a separation agreement which was then incorporated into the final decree of divorce. On the twenty-first day after the entry of the final decree, the wife filed a motion to vacate the decree and obtained an *ex parte* hearing before the trial court. She testified that on the preceding day she had examined deeds to certain real property conveyed by the husband. She discovered that part of the real property which, according to the separation agreement, was to be conveyed to her had been conveyed by the husband to one of his attorneys almost eighteen months before the agreement. She contended that her signature on that deed had been forged.

The trial court refused to vacate the final decree of divorce. It reasoned that the wife would not be harmed since she could bring a separate independent action attacking the validity of the property settlement agreement and that there would be "potential harm" to the husband if the decree were to be vacated. The issue is not, however, whether the wife can bring a separate independent action or whether there is more "potential harm" to one party than the other. Instead, the issue is whether the wife properly asserted grounds for setting aside the decree.

A judgment obtained by intrinsic fraud, such as perjury, forged documents, or other incidents of trial related to issues ma-

terial to the judgment, is *"voidable* by direct attack at any time before the judgment becomes final; the judgment of a court, procured by *extrinsic* fraud, . . . by conduct which prevents a fair submission of the controversy to the court, is *void* and subject to attack, direct or collateral, at any time." *Jones v. Willard*, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983); *see also Rowe v. Coal Corp.*, 197 Va. 136, 143, 87 S.E.2d 763, 767-68 (1955); *O'Neill v. Cole*, 194 Va. 50, 56-57, 72 S.E.2d 382, 385-86 (1952); *Taylor v. Taylor*, 159 Va. 338, 354, 165 S.E. 414, 419 (1932). Since the wife's motion to vacate was heard on the twenty-first day after entry of the decree, we need not reach the issue of whether the judgment was void or voidable. *See Jones*, 224 Va. at 607, 299 S.E.2d at 508; *see also Carter v. Carter*, 223 Va. 505, 506, 291 S.E.2d 218, 219 (1982). Whether the alleged fraud was intrinsic or extrinsic, the motion to vacate stated sufficient grounds for the trial court to act. The wife's testimony assured that the allegations were at least supportable by some evidence.

The husband, however, received no notice of and did not attend the *ex parte* hearing. Thus, the trial court did not abuse its discretion in refusing to set aside that portion of the decree granting the divorce. However, it should have vacated that part of the decree incorporating the separation decree and held a plenary hearing on the wife's motion. If the evidence at such a hearing sustained her contentions, the court should have then set aside that part of the decree incorporating the agreement.

For these reasons, the order of the trial court denying the motion to set aside the divorce decree is reversed, that portion of the decree incorporating the separation agreement is vacated, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

*Vacated and remanded.*

Benton, J., and Keenan, J., concurred.