## CIRCUIT COURT OF NELSON COUNTY

Commonwealth of Virginia

v.

Carlton Morris Heflin, Jr.

January 24, 1992

Case No. CR-2956

By Judge J. Michael Gamble

Mr. Heflin is charged with operating a motor vehicle after having been declared an habitual offender. Mr. Eggleston, his attorney, has filed a motion to dismiss this case because Mr. Heflin is alleged to have been an alcoholic as defined under § 37.1–1 of the Code of Virginia at the time he was declared to be an habitual offender. Under the theory of this motion, § 8.01–9 of the Code of Virginia would have required that a guardian ad litem be appointed to represent him at the time he was declared to be an habitual offender in May, 1979.

The Circuit Court of Nelson County found the defendant to be an habitual offender by order entered on May 4, 1979. At the time he was declared to be an habitual offender, he was an inmate in the Nelson County Jail awaiting sentencing on a felony charge of possession of cocaine, a Schedule II controlled substance. On the date that he was declared to be an habitual offender, he was brought to the courthouse from the jail. No attorney was appointed to represent him. In his testimony at the hearing on the subject motion, he testified that he was not under the influence at that specific time. He failed to show cause at that time any reason why he should not be declared an habitual offender.

On April 21, 1980, the defendant was convicted in the Nelson County Circuit Court of operating a motor vehicle after having been declared an habitual offender and sentenced to one year in the state penitentiary. The defense raised in the instant case was not raised at that time.

While the defendant was being held in the Nelson County Jail for the charge of possession of cocaine, a pre-sentence report was prepared by David N. Harker, a probation officer of the Court. This report was completed on May 8, 1979. A copy of this report was admitted as defendant's Exhibit # 3 at the hearing on the defendant's motion to dismiss in the subject case which was held on January 7, 1992. The pre-sentence report chronicled a long history of alcohol abuse by the defendant and a long history of crimes related to alcohol abuse. Basically, the history indicated that the defendant's father was an alcoholic who was abusive towards his family. Beginning at age sixteen, the defendant began a history of contact with the criminal courts. He entered the military in 1974 and returned home after his discharge in 1976. He continued drinking excessively after his discharge and was eventually ordered to stay away from his mother's Nelson County home by the Juvenile and Domestic Relations Court of Nelson County between 1976 and 1979. Prior to his conviction of possession of cocaine in 1979, he had forty-one misdemeanor convictions, most of which related to the abuse of alcohol. In 1973, the defendant was examined by a psychologist who reported that the defendant had a poor self-image and that his "offenses are expressions of anger associated with the death of his father."

By letter of July 25, 1983, Mr. Heflin's probation officer at that time, Rudolph L. West, wrote a letter to the Circuit Court of Nelson County outlining his adjustment to probation and parole. This letter outlined continued abuse of alcohol by Mr. Heflin. It also indicated that he had received treatment for his alcohol abuse by both ARISE in Forest, Virginia, and the Blue Ridge Mental Health Clinic in Lovingston, Virginia.

At the hearing in this matter on January 7, 1992, Mr. Heflin's mother, Mrs. Nellie Heflin, testified. She indicated that prior to May, 1979, Mr. Heflin created such a disturbance in the home that he had to be removed. She further testified that she went to the Juvenile and Domestic Relations Court of Nelson County at least three times because of his drinking problems prior to May 4, 1979.

Jeri Merritt, the substance abuse counselor for the Region Ten Community Services Board, also testified. Ms. Merritt has an undergraduate degree in nursing and a master's degree in counseling. Thirty percent of her master's degree work involved substance abuse. Ms. Merritt had examined the previous record and history of

Mr. Heflin. This included an examination of the pre-sentence report prepared by Mr. Harker. She has also counseled Mr. Heflin. She ventured her opinion that he is presently an alcoholic and was an alcoholic at the time that he was declared an habitual offender on May 4, 1979.

The defendant, through his counsel, argued that Section 8.01-9 of the Code of Virginia provides in part as follows:

> A suit wherein a person under a disability is a party shall not be stayed because of such disability, but the court in which the suit is pending, or the clerk thereof, shall appoint some discreet and competent attorney-at-law as guardian ad litem to such defendant . . . .

Further, § 8.01–2 of the Code of Virginia provides that a "person under a disability" includes a drug addict or alcoholic as defined in § 37.1–1(5) and (9) of the Code of Virginia. Section 37.1–1 of the Code of Virginia defines an alcoholic as follows:

> "Alcoholic" means a person who: (1) through the use of alcohol has become dangerous to the public or himself; or (ii) because of such alcohol use is medically determined to be in need of medical or psychiatric care, treatment, rehabilitation or counseling.

This definition of alcoholic has been effective since the adoption of Title 37.1 in 1968.

In the instant case, Mr. Heflin, the defendant, attempts to make a collateral attack on the judgment of the Circuit Court declaring him an habitual offender on May 4, 1979. The difference between a direct attack on a judgment and a collateral attack turns on whether the proceeding involves a review or an annulment of the judgment, or a mere avoidance of its effects, as, for example in the instant case where the defendant is trying to prevent the effects of driving after he had been declared an habitual offender in 1979. *Sutherland v. Rasnake*, 169 Va. 257, 266, 192 S.E. 695 (1937). In order for a judgment to be attacked collaterally as in the instant case, the judgment must be void as opposed to merely voidable. *Buchanan v. Buchanan*, 170 Va. 458, 477, 197 S.E. 426 (1938). In order for a judgment to be void and thus subject to collateral attack, the Court rendering the initial judgment must lack jurisdiction over the subject matter. *Burks Brothers v. Jones*, 232 Va. 238, 247–248, 349 S.E.2d 134 (1986),

*Slaughter v. Commonwealth*, 222 Va. 787, 793, 284 S.E.2d 824 (1981).

Section 8.01–9 of the Code of Virginia makes the appointment of a guardian ad litem a jurisdictional issue. This has been affirmed by the Supreme Court of Virginia in several cases. *Dunn v. Terry*, 216 Va. 235, 236, 217 S.E.2d 849 (1975); *Moses v. Akers*, 203 Va. 130, 132, 122 S.E.2d 864 (1961); and *Kanter v. Holland*, 154 Va. 120, 122, 152 S.E. 328 (1930). Thus, the instant case must address the issue of whether or not a guardian ad litem should have been appointed for the defendant at the time of his declaration as an habitual offender 1979.

The evidence is overwhelming that the defendant was an alcoholic at the time of his declaration in 1979. He had an extensive criminal history of both violent and non-violent misdemeanor crimes resulting from the use of alcohol. Thus, he was obviously a danger to himself and others. Additionally, within a few years after his declaration as an habitual offender, he received counseling and treatment for his alcohol problem through a mental health clinic. Therefore, he comes within the definition of an alcoholic under § 37.1–1 of the Code of Virginia.

A void judgment is a nullity. 11A M.J., *Judgments and Decrees*, § 145. In the instant case, the defendant, Heflin, is one of those persons who at the time of his declaration as an habitual offender was dangerous to himself and others by virtue of his abuse of alcohol and in need of counseling and therapy for his alcohol abuse. Therefore, in this limited case, the declaration that he was an habitual offender on May 4, 1979, is void because the jurisdictional requirement that a guardian ad litem be appointed was not fulfilled. Accordingly, because the declaration that the defendant Heflin was an habitual offender in May, 1979, is void, there can be no adjudication at the present time that he has violated the habitual offender criminal statute by operating a motor vehicle. Accordingly, the charge against him must be dismissed.

The Court wishes to note that this case turns on the very unusual circumstance where the evidence has shown that the defendant was clearly an alcoholic who was dangerous to himself and others and in need of psychiatric counseling and therapy. Therefore, any decision in future cases that an habitual offender declaration is void because of lack of guardian ad litem must be supported by clear evidence that

not only was the defendant abusing alcohol at the time of his declaration, but that he was also a danger to himself and others and/or needed psychiatric counseling and therapy. Just the mere fact of several driving under the influence convictions would never be sufficient.

Accordingly, the Court will enter an order dismissing the case against Mr. Heflin and discharging him from further custody in this matter.