## CIRCUIT COURT OF WARREN COUNTY

Commonwealth of Virginia

v.

Nelson Wayne Fisher

March 5, 1992

Case No. CR 91-F-285

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the defendant's motion to dismiss the indictment charging the defendant with driving after having been adjudged an habitual offender pursuant to Virginia Code § 46.2–357 on the ground that at the time that the defendant was adjudged an habitual offender, he was an alcoholic, and no guardian ad litem was appointed for him in the underlying habitual offender adjudication. Upon consideration of the evidence and the memoranda of counsel, the court bases the following [findings and conclusions].

### I. Findings of Fact

The following facts were found by the greater weight of the evidence.

The defendant was adjudged an habitual offender on August 1, 1985, by order of the Circuit Court for the City of Portsmouth. This adjudication was based on the following violations:

  a. DWI - January 11, 1983.
  b. Driving on revoked license - October 9, 1984.
  c. DWI - December, 1984.
  d. Driving on revoked license - December 19, 1984.

The defendant was not represented by counsel at his habitual offender adjudication but was physically present in the courtroom and recalls the proceeding.

At the time that the defendant was adjudged an habitual offender in August of 1985, he was drinking an average of a six-pack of beer

each weekday and was drunk regularly on the weekends when he drank considerably more. When he was drunk, he would become uncontrollable and leave the house and go to bars, driving at night while intoxicated, and this is what resulted in his DWI convictions. The defendant's last DWI conviction was only eight months prior to his habitual offender adjudication.

The report from Dr. James S. Bailey, Ed. D., dated November 5, 1990, indicated that: "Mr. Fisher is diagnosed as (DSMII-R) 303.90 Alcohol Dependence in remission for 5 months." Although this report only speaks as of the date of examination, the defendant has testified that his condition was essentially the same from 1983 until he stopped drinking in 1990.

## II. *Conclusions of Law*

The importance of a guardian ad litem was extensively discussed in *Ruffin v. Commonwealth*, 10 Va. App. 488, 393 S.E.2d 425 (1990), and, if no guardian ad litem is appointed and one is required, then any judgment rendered in the proceeding is void. *Moses v. Akers*, 203 Va. 130, 132, 122 S.E.2d 864 (1961) (judgment against infant void where no guardian ad litem).

The habitual offender adjudication under § 46.2–351 is a civil proceeding. Section 8.01–9 states that a guardian ad litem is required for persons under a disability in civil proceedings. Section 8.01–2(6)(d) defines "a person under a disability" to include an alcoholic as defined in § 37.1–1, which defines an alcoholic as follows:

> "Alcoholic" means a person who: (1) through the use of alcohol has become dangerous to the public or himself; or (ii) [sic] because of such alcohol use is medically determined to be in need of medical or psychiatric care, treatment, rehabilitation or counselling . . . .

The provisions of Title 37.1 and its definitions are broad as they are founded on the social policies of affording assistance to alcoholics and drug dependent persons. Whereas, the concept underlying the appointment of a guardian ad litem is to assist individuals who, for a variety of reasons, would not ordinarily be expected to either understand the nature of the proceedings against them or to be able to assist in their defense. However, the legislature has expressly adopted a broad definition of alcoholic and included them within the class of persons for whom a guardian ad litem is required.

Section 37.1–1 defines an alcoholic as one who "through the use of alcohol has become dangerous to the public or himself . . . ."

"The revocation of an habitual offender's license is not for punishment of the offender, but rather for the protection of the public in removing from the highway a dangerous driver." *Virginia ex rel. Shifflett v. Cook*, 333 F. Supp. 718, 720 (W.D. Va. 1971). In *Ferguson v. Gathright*, 485 F.2d 504, 507 (4th Cir. 1973), it was held that because of the civil nature of the proceeding, counsel was not required for the defendant in an habitual offender adjudication; however, the court noted that: "Due process . . . demands . . . that notice and opportunity to be heard be given to defendant at the revocation hearing . . . ." The appointment of a guardian ad litem is a critical ingredient in the due process formula of notice and opportunity to be heard, and the habitual offender adjudication is not exempt from this requirement.

When the defendant was adjudged an habitual offender on August 1, 1985, by the Circuit Court of the City of Portsmouth, he was an alcoholic, and a guardian ad litem should have been appointed for him, *Commonwealth v. Heflin*, 26 Va. Cir. 261 (1992), but that was not done.

### III. *Decision*

For the foregoing reasons, the defendant's motion to dismiss is granted.