50

CIRCUIT COURT OF FREDERICK COUNTY

Ted L. Veverka

v.

Commonwealth of Virginia

January 11, 1993

Case No. (Chancery) 92–334

BY JUDGE JAMES L. BERRY

This case involves a collateral attack on an habitual offender adjudication entered by this court on October 13, 1990, alleging that at the time of such adjudication, complainant was an alcoholic as defined by Va. Code § 37.1–1 and thereby a person under a disability as defined by Va. Code § 8.01–2(6)(d) for whom a guardian ad litem was required by Va. Code § 8.01–9 and that no guardian ad litem having been appointed, such adjudication was void.

At the trial of this matter on November 2, 1992, complainant offered evidence from Dr. Glenn Paul-Carres, a licensed clinical psychologist with ten years experience in the evaluation and treatment of court-referred DWI cases, who testified that complainant came to see him first in 1986 for drinking problems but left counseling after a brief period feeling that things were "better" and "under control." Dr. Paul-Carres testified that complainant saw an associate in his office in May and June, 1990, and opined that during the period January to November, 1990, plaintiff was an alcoholic, was a danger to himself in that his drinking caused him to act in ways not safe and responsible, was a danger to others the same as anyone who was under the influence would have been, and was in need of services in that he needed to stop drinking and needed whatever services would get him to stop. Dr. Paul-Carres testified that complainant was not under the influence when he came to his office in 1990, that he made appointments and kept them, that he understood questions asked of him, that his reasoning was not impaired, and that he was cognitively present.

Complainant offered the testimony of Sue Hoover, general manager of the Ground Round Restaurant, who testified that she knew the complainant and that from mid- to end-1990 he came into her bar three to four times per week at all hours of the day. Ms. Hoover testified that complainant drank very heavily, bought drinks for everyone, and seemed to hold his liquor pretty well. Dan Kidwell, a friend of complainant's since 1979, testified that during 1990, he saw him at least once each week, that when he took him to lunch, he always had a drink and often became intoxicated, and that he had seen him drink until he passed out. He testified that during June and July of 1990 when complainant was not drinking, he was in possession of his faculties.

Dora Brown testified that from June to October, 1990, she saw complainant six or seven times and that she never saw him in control of himself.

Complainant testified that he first began drinking at age seventeen, that during April to October, 1990, he was drinking every day and driving every day, that during June to October, 1990, he drank three to four times a week during the day and every evening and suffered blackouts all the time, and that he was probably intoxicated when he was in court on September 28, 1990.[1] Complainant testified that he could function when he was not drinking and that he had contact with his attorney about the show cause order but had no counsel in court and no guardian ad litem.

Assuming arguendo that complainant has presented evidence sufficient for this Court to find that he is a person under a disability for whom a guardian ad litem should have been appointed pursuant to Va. Code § 8.01–9, the question for decision becomes whether the failure to appoint such guardian ad litem renders the habitual offender adjudication void or merely voidable. If void, it may be collaterally attacked, but if merely voidable, it may not. *Smith v. Commonwealth*, 195 Va. 297 (1953).

The Court has reviewed the three known circuit court opinions, namely *Commonwealth v. Heflin*, 26 Va. Cir. 261 (1992); *Commonwealth v. Fisher*, 29 Va. Cir. 14 (1992); and *Commonwealth v. Bailey*, 28 Va. Cir. 243 (1992).

---

[1] This condition, if it existed at that time, was not apparent to observation. This Court would not have proceeded had it been.

The circuit opinions on this subject have all assumed that all persons under disability are treated as infants are treated, and failure to appoint a guardian ad litem for each is jurisdictional. The Virginia Supreme Court has, however, recognized distinctions between classes of persons under disability. *Dunn v. Terry, Administratrix*, 216 Va. 234 (1975).

An infant is not only unable to contract, but his disability is easily objectively determinable by simply determining his age.

The incarcerated felon's disability is easily objectively determinable, but he is not civilly dead and is able to contract. The Supreme Court has permitted the waiver of the appointment of a committee for a convict and, I believe, would permit the waiver of appointment of guardian ad litem.

Like the convict, the alcoholic is able to enter into contracts. Unlike both the convict and the infant, however, his disability is not readily determinable nor, in my opinion, continuous. The alcoholic experiences periods of disability interspersed with periods during which his cognitive abilities are unimpaired. Like the convict, the alcoholic may waive the appointment of a guardian ad litem, and a civil judgment rendered against him without such appointment is merely voidable, not void. Since the civil adjudication of complainant's status as an habitual offender without the appointment of a guardian ad litem was voidable only, and not jurisdictional, that adjudication is not subject to collateral attack, and the bill of complaint herein must be dismissed.