## Richmond

MICHAEL WAYNE PIGG

v.

COMMONWEALTH OF VIRGINIA

No. 2340-91-2

Decided February 22, 1994

COUNSEL

George S. Cummins, for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

## UPON A HEARING EN BANC

OPINION

**ELDER, J.**—Michael Wayne Pigg appeals from his conviction for operating a motor vehicle after having been adjudged an habitual offender. On appeal he argues (1) that the guardian *ad litem* provisions of Code § 8.01-9(A) apply to adjudications under Code § 46.2-355,[1] the Habitual Offender Act; (2) that the right to appointment of a guardian *ad litem* in all civil cases is jurisdictional, thereby rendering void *ab initio*, not merely voidable, orders or decrees against all persons under a disability for whom no guardian *ad litem* was appointed; and (3) that the evidence was sufficient to show that he was an alcoholic as defined by Code §§ 8.01-9(A) and 37.1-1 at the time of the habitual offender proceeding, such that the failure to appoint him a guardian *ad litem* voids both the order declaring him an habitual offender and his conviction for driving after having been declared an habitual offender.

We hold that Code § 8.01-9(A) requires the appointment of guardians *ad litem* in habitual offender proceedings for persons who are under a disability, as defined in Code § 8.01-2(6), at the time of the proceeding. An alcoholic is such a person. Code §§ 8.01-2(6)(d)

---

[1] Appellant was actually convicted under a predecessor statute, Code § 46.1-387.1 to 387.12, *see* Act of Apr. 4, 1968, ch. 476, 1968 Va. Acts 642, which was repealed in 1989 and recodified in Title 46.2. *See* Act of Apr. 5, 1989, ch. 727, 1989 Va. Acts 1718, 1749. However, the substance of this portion of the Habitual Offender Act has not changed.

and 37.1-1. We hold, however, that because neither the pleadings nor proof alleged or established that the appellant's "disability" rendered him incapable of defending his interest, the failure to appoint a guardian *ad litem* for him in this case did not create a jurisdictional defect. Consequently, we hold that the habitual offender adjudication is not subject to a collateral attack on the grounds pled or evidence proffered. Accordingly, we affirm the appellant's conviction without having to address whether the evidence was sufficient to prove that he was an alcoholic as defined in Code § 37.1-1.

I.

Appellant was adjudged an habitual offender on February 8, 1988. Neither an attorney nor a guardian *ad litem* represented him in that proceeding. He did not appeal the ruling.

Several years later, on August 9, 1991, appellant was arrested for driving an automobile after having been declared an habitual offender. At his hearing on the 1991 charge, he offered testimony that he was a chronic alcoholic at the time of his habitual offender adjudication, arguing that the adjudication was invalid because he had not had a guardian *ad litem* or an attorney in the earlier proceeding. Appellant, his doctor, and several family members testified that he had received periodic treatment, both inpatient and outpatient, for his substance abuse from 1985 through 1990 and that he likely was a chronic alcoholic.

Appellant testified that he was present at the habitual offender adjudication, that he remembered the proceedings, that he comprehended everything the judge said to him, and that he understood what would happen if he drove an automobile after that adjudication. He offered no evidence at any time during the proceeding—from the time he was served with notice of the hearing until entry of the order declaring him an habitual offender—that he was incapable of understanding the nature of the proceedings or of defending his interest.

At the criminal prosecution, the trial judge ruled, "I am assuming that he is an alcoholic. A chronic alcoholic and has three [convictions for] driving [on a] revoked or suspended [license]."[2] In finding appel-

---

[2] The transcript indicates that the trial court judge also said, "and no DUI." However, appellant's driving record reveals two convictions for driving under the influence, rendered on February 13, 1985, and January 6, 1987. It would appear, therefore, either that this passage was incorrectly transcribed or that the trial judge misread appellant's driving record. In either event, to the extent that the trial judge assumed that the appellant was an alcoholic, his driving record supports that finding.

lant guilty of driving after being declared an habitual offender, the trial judge stated, "Now the evidence today is, that you are an alcoholic. In 1988, you were a chronic alcoholic. And I accept the testimony of the witnesses that have testified. I accept that." Nevertheless, in convicting appellant, the trial judge ruled that appellant's alcoholism did not entitle him to a guardian *ad litem.* He stated that if appellant had admitted his alcoholism and asked for a guardian at the time, it "[m]ay be a different argument." Implicit in the judge's ruling was that the appellant could not collaterally attack the adjudication in a subsequent proceeding by showing that he was an alcoholic at the time without showing that he was incapable of understanding the proceedings or of representing his interests.

## II.

### A.

For purposes of this appeal, we accept the trial judge's finding that the appellant was an alcoholic between 1985 and 1990, including in 1989 when he was adjudged to be an habitual offender. We hold that the provisions of Code § 8.01-9(A), requiring the appointment of a guardian *ad litem,* apply to adjudications under Code § 46.2-355 of the Habitual Offender Act.[3] Code § 8.01-9(A) states that "[a] suit wherein a person under a disability is a party defendant shall not be stayed because of such disability, but the court . . . shall appoint some discreet and competent attorney-at-law as guardian ad litem to such defendant, whether such defendant shall have been served with process or not . . . ." Under Code § 8.01-2, the term "suit" as used in that title "include[s] all civil proceedings whether at law, in equity, or statutory in nature and whether in circuit courts or district courts." Finally, § 8.01-2(6) defines "[p]erson under a disability" to include a convicted felon, infant, mentally retarded person, or alcoholic, as defined in Code § 37.1-1. Although the Code does not specify whether an habitual offender proceeding is civil or criminal, the Virginia Supreme Court has held it to be civil.[4] *Commonwealth v. Stanley,* 232

---

[3] Virginia's circuit courts are divided on this issue. *See, e.g., Veverka v. Commonwealth,* 30 Va. Cir. 50 (1993); *Commonwealth v. Fisher,* 29 Va. Cir. 14 (1992); *Commonwealth v. Bailey,* 28 Va. Cir. 243 (1992); *Commonwealth v. Heflin,* 26 Va. Cir. 261 (1992).

[4] The General Assembly has amended Code § 46.2-355 twice since the Court declared an habitual offender adjudication a civil proceeding but has added no wording to indicate disagreement with such an interpretation. *See* Act of Apr. 5, 1989, ch. 727, 1989 Va. Acts 1718, 1749; Act of Mar. 24, 1987, ch. 394, 1987 Va. Acts 485. "[W]here the General Assembly acts in an area in which this Court has already spoken, it is presumed to know the law as the Court has stated it and to acquiesce therein." *McFadden v. Commonwealth,* 3 Va. App. 226, 230, 348 S.E.2d 847, 849 (1986) (quoting *Burns v. Board of Supervisors,* 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984)).

Va. 57, 58-59, 348 S.E.2d 231, 232 (1986); *Whorley v. Commonwealth*, 215 Va. 740, 746, 214 S.E.2d 447, 451, *cert. denied*, 423 U.S. 946 (1975); *Huffman v. Commonwealth*, 210 Va. 530, 532, 172 S.E.2d 788, 789 (1970); *see Hoye v. Commonwealth*, 12 Va. App. 587, 589, 405 S.E.2d 628, 629 (1991). Accordingly, the guardian *ad litem* provisions of § 8.01-9(A) apply to habitual offender adjudications.

## B.

We next consider appellant's argument that the appointment of a guardian *ad litem* is jurisdictional such that his adjudication in the absence of a guardian *ad litem* was void from its inception, not merely voidable, and therefore subject to a collateral attack in the subsequent criminal prosecution. We hold that a trial court's failure to appoint a guardian *ad litem* for an alcoholic in accordance with the provisions of Code § 8.01-9(A), without more, renders a judgment voidable.[5]

▮ Our established case law holds that infancy is a disability, the nature of which makes a Virginia court *per se* unable to obtain jurisdiction over the infant in the absence of appointment of a guardian, regardless of the infant's capacity to understand the proceedings or to represent him or herself. *Kanter v. Holland*, 154 Va. 120, 122, 152 S.E. 328, 329 (1930). We reject appellant's contention, however, that a judgment entered against a person under any of the other enumerated statutory disabilities is void *ab initio* if rendered without the appointment of a guardian *ad litem*. Although the statute in effect at the time the Court decided *Kanter* referred to the appointment of guardians for both infants and insane people, the Virginia Supreme Court has never expressly decided whether the failure to appoint a guardian for an insane person renders a judgment against him or her void *ab initio*. *See id.* at 123, 152 S.E. at 328-29 (showing that the Court purposefully chose not to address the issue which was not before it by using ellipses to omit that portion of the statute which refers to "an insane person"); *see also Moses v. Akers*, 203 Va. 130, 131-32, 122 S.E.2d

---

[5] Under settled legal principles, a judgment is void *ab initio* only if it "has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 Va. 92, 94-95, 353 S.E.2d 756, 758 (1987) (citations omitted). Otherwise a judgment is merely voidable and may be set aside only (1) by motion to the trial court filed within twenty-one days of its entry, as outlined in Rule 1:1, (2) on direct appeal, *Rook*, 233 Va. at 95, 353 S.E.2d at 758, or (3) by bill of review, Code § 8.01-623; *Blunt v. Lentz*, 241 Va. 547, 550, 404 S.E.2d 62, 64 (1991). "Judgments that are void [*ab initio*], however, may be attacked in any court at any time, directly or collaterally." *Rook*, 233 Va. at 95, 353 S.E.2d at 758.

864, 865 (1961). Again in *Dunn v. Terry*, 216 Va. 234, 217 S.E.2d 849 (1975), the Court did not decide the question but merely "*assume[d] . . ., without deciding,* that [under Code § 8-88, the predecessor to Code § 8.01-9,] appointment of either a committee or guardian *ad litem* for an insane defendant . . . was, as was the appointment of a guardian *ad litem* for an infant defendant, a jurisdictional rather than procedural requirement." *Dunn,* 216 Va. at 239, 217 S.E.2d at 853-54 (emphasis added). Similarly, in *Taylor v. Taylor,* 159 Va. 338, 165 S.E. 414 (1932), the Court considered the question of the necessity to appoint a guardian *ad litem* for an insane person. The ruling in *Taylor* is instructive as to whether the failure to appoint a guardian *ad litem* is jurisdictional, thereby voiding *ab initio* proceedings for which no guardian *ad litem* was appointed. Although *Taylor* involved the procurement of a divorce in which service was obtained by publication and did not expressly consider the provisions of the guardian *ad litem* statute, the Court referred to the validity of judgments against insane people: As long as service was obtained in compliance with the statute,

> *the mere fact that the defendant was insane at the time of the granting of the judgment [was] [in]sufficient to cause the judgment to be vacated.* If a divorce is fairly procured on order of publication, it would be a dangerous doctrine, with capacity for untold injury, to say that years thereafter, the defendant could have the decree annulled simply by showing that at the time of the judgment he or she was insane, or confined in some penitentiary on a conviction of felony . . . . *A judgment so obtained against an insane person is not void, but voidable only. . . .*

*Id.* at 343, 165 S.E. at 415 (emphasis added). Although the Court in *Taylor* ultimately declared the decree void *ab initio,* it did so based on fraud and not on the fact that the defendant was a person under a disability who had neither counsel nor a guardian *ad litem.* In *Taylor,* the husband knew his wife's whereabouts but did not reveal this fact, which constituted fraud, and service was had only by publication without a copy being sent to her. *Id.* at 341, 354, 165 S.E. at 414, 419.

Although in the foregoing cases construing the predecessor statute the Court espoused no clearly defined rule for the various statutory disabilities, the cases make clear that the various disabilities are not identical insofar as the defendant's capabilities are concerned and that they warrant different treatment. In *Dunn,* the Court held that appointment of a committee for a convict, another type of statutory disability

then enumerated in a separate Code section, was procedural rather than jurisdictional because a convict is not "civilly dead." 216 Va. at 239, 217 S.E.2d at 852; *see also Ruffin v. Commonwealth,* 10 Va. App. 488, 495, 393 S.E.2d 425, 429 (1990) (recognizing that person under statutory disability, such as a convict, may nevertheless be "of sound mind"). Although the legislature subsequently combined, under Code § 8.01-2, the disability of incarceration for conviction of a felony with the statutory disabilities of infancy and insanity[6] and added several new disabilities—including alcoholism—when it "revise[d], rearrange[d], amend[ed] and recodif[ied] the general laws of Virginia relating to civil remedies and procedure" as contained in Title 8, *see* Act of Apr. 1, 1977, ch. 617, 1977 Va. Acts 1052, 1052-53, it did not specifically abrogate the distinction among disabilities as set forth in *Dunn.*

■ Because infancy is the only statutory disability for which the appointment of a guardian has expressly been held to be jurisdictional, we conclude, based upon the same rationale as that employed in the *Dunn* case, that a judgment against a person who is under a disability because he or she is an alcoholic as defined under Code §§ 8.01-2(6)(d) and 37.1-1 is merely voidable, just as a judgment rendered against a convict is merely voidable. Neither alcoholics, as defined under the statute, nor convicts "are . . . civilly dead in Virginia . . . and . . . may freely execute contracts and deeds. . . . Unlike an infant . . ., [a prisoner is] not *legally incompetent* to transact business either before or after his conviction in the criminal case." *Dunn,* 216 Va. at 239, 217 S.E.2d at 854 (emphasis added). Similarly, we conclude that an alcoholic as defined in the Code is not *legally incompetent* to transact business simply by virtue of his or her disability.[7]

■ Where, as here, the evidence shows that the alcoholic was present at the hearing on the original habitual offender adjudication, remembered the proceedings, comprehended everything the judge said

---

[6] These disabilities were previously enumerated in Code § 8-88.

[7] To the extent that this standard conflicts with our holding in *Ruffin v. Commonwealth,* 10 Va. App. 488, 393 S.E.2d 425 (1990), we overrule that case. Under the aforementioned standard, Ruffin's habitual offender adjudication was voidable rather than void *ab initio.* Ruffin did not allege fraud or lack of subject matter jurisdiction, and the trial court found as a fact that Ruffin received notice of the hearing via service on him of the show cause order, thereby establishing personal jurisdiction. *Id.* at 491, 393 S.E.2d at 427. The subsequent shortcomings in the guardianship did not vitiate the court's jurisdiction once it had been established. The habitual offender adjudication was therefore voidable only and not subject to being set aside in this subsequent proceeding.

to him, and understood what would happen if he drove an automobile after that adjudication, and where there was no evidence that he was incapable of understanding the proceedings or representing himself, the adjudication is voidable only and therefore is not subject to collateral attack.[8]

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J., Baker, J., Barrow, J., Coleman, J., Koontz, J., Willis, J., Bray, J., and Fitzpatrick, J., concurred.

---

[8] We do not address the situation in which the record establishes that the defendant, because of a disability, was actually incapable of understanding or participating in the proceedings.