### Richmond

ROBERT LEE ENGLAND

v.

COMMONWEALTH OF VIRGINIA

No. 0679-92-2

Decided March 29, 1994

COUNSEL

Lucretia A. Carrico (Hayes & Carrico, on brief), for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—Robert Lee England (England) was convicted of operating a motor vehicle after having been adjudicated an habitual offender in violation of Code § 46.2-357. The charge arises out of an incident where England was stopped after he was observed weaving across the center line. On the date of his original adjudication as an habitual offender, England was a chronic alcoholic and a prisoner in the Henrico County work release program. England was present and not represented by counsel at the habitual offender hearing and maintains that he should have been afforded the services of a guardian *ad litem* in that proceeding. *See* Code § 8.01-9(A). In this appeal, England asserts that the failure of the court of appoint a guardian *ad litem* renders his habitual offender adjudication void *ab initio* and thereby renders the charge for violation of that status equally void. We disagree and affirm England's conviction.

In the Circuit Court of Powhatan County, the trial commenced with a stipulation that at the time of his original adjudication as an habitual offender and when he was arrested for driving after having been adjudicated an habitual offender, England was aware of his status and the concomitant consequences of driving an automobile under that status. The Commonwealth stipulated that at the time of the habitual offender adjudication, England was a chronic alcoholic. In response to a direct question from the court, England conceded that his was merely "a technical defense."

The Commonwealth's evidence, undisputed by England, proved that he was arrested for driving while intoxicated and that it was determined during the course of that arrest that England had been adjudicated an habitual offender.

England's evidence consisted of the testimony of Diane McGuinness. McGuinness, a substance abuse therapist with the Goochland-Powhatan Community Services organization, testified that England had been her client for two months. On cross-examination, McGuinness further testified that as an alcoholic, England would not necessarily have been incompetent when he was adjudged an habitual offender. On redirect examination, McGuinness testified that though she had not treated England at the time of his habitual offender hearing, she believed that at that time he was a danger to himself or the public because of alcohol abuse.

The trial court rejected England's assertion that his habitual offender adjudication was voided by the failure of the trial court to appoint a guardian *ad litem* and sentenced England to five years in prison, suspended on the condition that England serve twelve months in jail.

In *Pigg v. Commonwealth*, we held that Code § 8.01-9(A) requires the appointment of a guardian *ad litem* for persons under a disability who are not represented by counsel during an habitual offender adjudication. 17 Va. App. 756, 760, 441 S.E.2d 216, 218-19 (1994) (en banc). By stipulating that England was an alcoholic at the time of his habitual offender hearing, the Commonwealth placed England within the class of persons entitled to the appointment of a guardian *ad litem*, if not otherwise represented by counsel, during an habitual offender adjudication. *Id.*

However, in *Pigg* we further held that the failure to appoint a guardian *ad litem* does not necessarily create a jurisdictional defect rendering the habitual offender adjudication void *ab initio*. Rather, absent evidence that an individual was actually incapable of understanding the nature and consequence of the habitual offender proceeding, the failure to appoint a guardian *ad litem* is a procedural defect rendering the adjudication voidable only, and not subject to a collateral attack. *Id.* at 763, 441 S.E.2d at 221.

Here, England stipulated that he was aware that he had been adjudicated an habitual offender, was aware of the nature of that

proceeding, and that at the time of his subsequent arrest, he was aware of the consequences of driving after having been adjudicated an habitual offender. The record does not indicate that he was incompetent to challenge that adjudication directly.

■ England further asserts that as a prisoner he was entitled to the appointment of a guardian *ad litem*. The record does not reveal the level of offense that subjected England to being jailed in the Henrico County work release program. If the offense was a felony, England was by definition a person under a disability, Code § 8.01-2(6), and entitled to appointment of a guardian *ad litem*. Code § 8.01-9(A). Assuming *arguendo* that the offense was a felony, the rationale of *Pigg* remains applicable to England's case. Indeed, the basis of our ruling in *Pigg* was by reference to similar case law involving convicts. *Pigg*, 17 Va. App. at 762, 441 S.E.2d at 220.

Accordingly, we hold that England's habitual offender status was voidable, rather than void, and not subject to collateral attack during his subsequent trial for violation of that status. The conviction appealed from is affirmed.

*Affirmed.*

Elder, J., and Fitzpatrick, J., concurred.