## CIRCUIT COURT OF FAIRFAX COUNTY

John L. Richter

v.

Marie M. Richter

May 31, 1995

Case No. (Chancery) 131540

BY JUDGE STANLEY P. KLEIN

This matter remains before this Court, *inter alia*, on Defendant's Motion to Vacate Judgment Based Upon Intrinsic Fraud. Defendant Marie M. Richter alleges that Complainant John L. Richter committed perjury during the trial of this matter in February, 1995. Consequently, she asks this Court to vacate its decision, grant her leave to conduct further discovery, and to then hold a full evidentiary hearing, so that she can fully establish the particulars of the alleged perjury. The Court has considered Mrs. Richter's motion, Mr. Richter's opposition thereto, Mrs. Richter's reply memoranda, and the oral argument of counsel. For the reasons set forth in this letter opinion, Mrs. Richter's Motion to Vacate is denied.

The Court conducted a three day equitable distribution trial in this case in February, 1995. The major issue at trial was how the Court would distribute the equity in the parties' marital abode. Based upon the evidence presented at trial, the Court found that Mr. Richter had satisfied his burden to trace $47,805.22 of the equity in the former marital abode to the sale of his separate Pennsylvania real estate. Mrs. Richter now contends that $32,500 of that sum is in fact marital property. According to Mrs. Richter, Mr. Richter perjured himself when he testified that in the mid-1980's he had deposited approximately $29,000, received from a loan secured by his Pennsylvania real estate, into a separate account and had never commingled the funds with marital property before using them to reduce the indebtedness secured by that same separate Pennsylvania property.

In support of her motion, Mrs. Richter has submitted numerous documents which she claims prove her allegation of perjury by Mr. Richter. At oral argument on whether the Court would grant Mrs. Richter the right to conduct further discovery and put on evidence at a hearing, counsel for Mrs. Richter acknowledged that each of the documents which she filed with her motion were in her possession at the time of the equitable distribution trial but were neither introduced in evidence nor utilized in cross-examination of Mr. Richter. These documents were also not turned over to Mr. Richter in discovery, notwithstanding service of unobjected to discovery requests, to which these documents were responsive. *See* Defendant's Request for Product of Documents, Request Nos. 16 and 23.

The parties agree that Mrs. Richter's allegations amount to a claim of intrinsic fraud. "Intrinsic fraud includes perjury, use of forged documents, or other means of obscuring facts presented before the Court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact." *Peet v. Peet*, 16 Va. App. 323, 326 (1993); *see also Jones v. Willard*, 224 Va. 602, 607 (1983). Whereas a judgment obtained by extrinsic fraud[1] is void and therefore subject to a direct or collateral attack at any time, *Garrity v. Virginia Dept. of Social Services ex rel. Smith*, 11 Va. App. 39, 42 (1990), a judgment obtained by intrinsic fraud is only *voidable* by direct attack before the judgment becomes final, by direct appeal, or by a direct attack in an independent proceeding. *Jones*, 224 Va. at 607; *Holmes v. Holmes*, 8 Va. App. 457, 458-59 (1989).

Mrs. Richter relies principally upon the Court of Appeals' decision in *Holmes* to support her position. In *Holmes*, the Court of Appeals reversed a trial court's denial of a motion to vacate a final decree of divorce incorporating a property settlement agreement, when the petitioner alleged that the agreement was procured by fraud. The petitioner filed a motion to vacate the final decree and testified, *ex parte*, that she had recently discovered that part of the property, which was to be conveyed to her under the property settlement agreement, had been conveyed to her ex-husband's attorney eighteen months before she signed the agreement. She also discovered that her name had been forged on the deed conveying the same property. The Court of Appeals found that these allegations, which could be supported by evidence, stated sufficient grounds for the trial court to act. It held that "[the court] should have vacated that part of the decree

---

[1] Extrinsic fraud is conduct which prevents a fair submission of the controversy to the Court. *Jones*, 224 Va. at 607; *Rowe v. Big Sandy Coal Corp.*, 197 Va. 136, 143 (1955).

incorporating the separation decree and held a plenary hearing on the wife's motion. If the evidence at such a hearing sustained her contentions, the court should have then set aside that part of the decree incorporating the agreement." *Holmes*, 8 Va. App. at 459.

However, in *Holmes*, it was clear that the petitioner did not know of the forgery at the time that the property settlement agreement was incorporated in the Court's seemingly uncontested decree; nor did the allegations of perjury in *Holmes* concern an issue which had been fully litigated and decided at trial, as is the case here.

Although there is clearly a public policy encouraging the discovery of perjured testimony, so that unjust results can be prevented, there is also a public policy favoring finality of judgments and litigation, which is no less important. The Court must weigh these countervailing policies in the factual context of this case.

The importance of the public policy supporting finality of judgments is perhaps best evidenced by its inclusion in Rule 1:1, the first of the rules promulgated by the Virginia Supreme Court. If one needed to understand the importance of placing limits on the extent to which a case can be litigated, both to the litigants in that particular case and to other litigants seeking an opportunity to be heard in court, one need look no further than to the voluminous record in this case, including the numerous written and oral post-trial motions.

Although the Court of Appeals has not yet addressed the specific issue of whether the evidence which a party seeks to introduce at a hearing to set aside a judgment on the ground of intrinsic fraud must be after-discovered evidence, language in the Court's opinion in *Peet v. Peet* suggests that when the issue is squarely addressed, the Court will establish such a requirement. In *Peet*, the trial Court declined to allow the appellant Mr. Peet, to collaterally attack a decree that he alleged had been obtained through his wife's perjury. The Court of Appeals affirmed and stated in part as follows:

> A collateral attack on a judgment procured by intrinsic fraud has been deemed not warranted *because the parties have the opportunity at trial through cross-examination and impeachment to*

*ferret out and expose false information presented to the trier of fact* [emphasis supplied].

*Peet,* 16 Va. App. at 327.[2]

After weighing the countervailing public policies present in this case, this Court holds that when a party seeks to set aside a judgment on the ground of intrinsic fraud, the evidence which the party seeks to present at a hearing in support of the motion must be evidence about which the party neither knew, or in the exercise of reasonable diligence, should have known, at the time of the underlying trial. As Mrs. Richter knew of the evidence that she now seeks to introduce at an evidentiary hearing, at, or before the trial of this cause, she had a full opportunity to use that evidence to challenge the veracity of Mr. Richter's assertions during cross-examination and rebuttal at trial. "But for such a rule, every losing litigant might consider himself the victim of false allegations and attack an adverse judgment on that ground. Thus, there would be no end to litigation." *Rowe v. Big Sandy Coal Corp.,* 197 Va. at 143. If this Court were to rule that Mrs. Richter is entitled to an evidentiary hearing on the issue of fraud and potentially a new trial if perjury were established, parties or their counsel might be encouraged to withhold evidence at trial for tactical reasons. Litigants could reasonably believe that by not submitting all of their evidence at trial, they could potentially be granted a new trial after an unfavorable verdict was returned. In the case of a jury trial, a litigant could even obtain the opportunity to try the case before a different trier of fact.[3]

---

[2] *See also Will v. Will,* No. 0119-93-4, slip op. at 2. (Va. App. March 1, 1994) ("To the extent that appellant's claim is that the wife committed perjury, the claim constitutes an allegation of intrinsic, not extrinsic, fraud. *The trial judge correctly held that this issue had been previously litigated and decided in the 1988 divorce proceeding.* This Court later affirmed that decision in an unpublished opinion. Appellant should have proffered to the trial court in the 1988 hearing the testimony he now claims the court prevented the witness from presenting." (emphasis supplied).)

[3] The Court does not intend to imply that either Mrs. Richter or her counsel intended to obtain such a procedural advantage in this case. However, if the Court were to adopt the position advanced by Mrs. Richter, the Court can envision a number of realistic scenarios where litigation could become virtually open-ended. For example, both attorneys in a personal injury case could, at trial, withhold some of their witnesses to the accident, when there will be conflicting testimony as to whether the light controlling the relevant intersection was red or green. The losing party could then move for a post-trial evidentiary hearing at which the additional witnesses would testify as to the color of the light at the time of the accident. That party's counsel could then argue that if the court found the testimony of those witnesses compelling, it would prove that the prevailing party had

As such procedural tactics would contravene important policy considerations of this Commonwealth, this Court declines to extend the holding in *Holmes* to the facts presented here. Accordingly, Mrs. Richter's motion to vacate on the ground of intrinsic fraud is denied without an evidentiary hearing.

A decree denying the motion has been entered by the Court.

---

committed perjury at trial, and therefore, the moving party would be entitled to a new trial on the ground of intrinsic fraud.