COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Agee and Kelsey
Argued at Salem, Virginia


DANIEL MATTHEW LOWE
                                        MEMORANDUM OPINION* BY
v.    Record No. 0036-02-3              JUDGE G. STEVEN AGEE
                                           JANUARY 14, 2003
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF SMYTH COUNTY
                    A. Dow Owens, Judge Designate

          Brian M. Ely (Jessee, Read & Ely, P.C., on
          brief), for appellant.

          John H. McLees, Senior Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Daniel Matthew Lowe (Lowe) appeals a ruling of the Circuit

Court of Smyth County denying his motion to vacate a previous

order of the Circuit Court of Tazewell County in which he was

adjudicated an habitual offender.  For the reasons that follow,

we affirm the ruling of the trial court.

                      I.  BACKGROUND

     On March 18, 1991, Judge Donald Mullins of the Circuit

Court of Tazewell County found Lowe in violation of the terms of

his probation and revoked four years of his previously suspended

sentence.  On April 25, 1991, while incarcerated in the Tazewell

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

County jail awaiting transport to a state correctional facility, Lowe was personally served with an order to show cause why he should not be adjudicated an habitual offender. The show cause order had been issued the previous day by Judge Mullins. On April 26, 1991, Lowe was transferred to Deep Meadow Correctional Center to serve the remainder of his four-year sentence.

Lowe's habitual offender hearing was held in the Circuit Court of Tazewell County on May 16, 1991, the day indicated on his notice. Lowe was not present in person or represented by counsel, and no guardian ad litem was appointed to represent him. Judge Mullins presided and adjudicated Lowe an habitual offender by an order dated June 6, 1991. The clerk of court mailed a copy of the order to Lowe at the Powhatan Correctional Center. Lowe was actually incarcerated elsewhere at that time.

On July 14, 2001, Lowe was arrested in Smyth County for driving under the influence and driving after being adjudicated an habitual offender. Lowe moved the Circuit Court of Smyth County to vacate the 1991 habitual offender adjudication on the grounds that it was procured by extrinsic fraud on the court. He alleged his absence from the habitual offender proceeding constituted extrinsic fraud on the court because the Commonwealth knew of his incarceration and a guardian ad litem was not appointed to protect his interests. Lowe entered a conditional plea of guilty to the charge of driving after being adjudicated an habitual offender, second offense, pursuant to a

-

plea agreement that preserved his right to appeal the trial

court's denial of his motion to vacate the 1991 adjudication

order.  He now appeals to this Court.[1]

II.  ANALYSIS

In Pigg v. Commonwealth, 17 Va. App. 756, 441 S.E.2d 216

(1994) (en banc), this Court held that infancy under Code

§ 8.01-2(6)(b) is the only statutory disability that renders a

judgment void for failure to appoint a guardian ad litem under

Code § 8.01-9(A).  We explicitly rejected the contention "that a

judgment entered against a person under any of the other

enumerated statutory disabilities is void ab initio if rendered

without the appointment of a guardian ad litem."[2]  Id. at 760,

441 S.E.2d at 219; see also England v. Commonwealth, 18 Va. App.

121, 442 S.E.2d 402 (1994) (holding that failure to appoint a

guardian ad litem in an habitual offender adjudication makes the

judgment voidable, not void).  We also stated in Pigg that a

judgment against an alcoholic is voidable, not void, "just as a

judgment rendered against a convict is merely voidable."  Pigg,

17 Va. App. at 762, 441 S.E.2d at 220.

> The distinction between an action of
> the court that is void ab initio rather than
> merely voidable is that the former involves

---

[1] As the parties are fully conversant with the record in
this case and because this memorandum opinion carries no
precedential value, only those facts necessary to a disposition
of this appeal are recited.

[2] Lowe's disability, incarceration for a felony, arises
under Code § 8.01-2(6)(a).

-

> the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error. An order is void <u>ab</u> <u>initio</u> if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the mode of procedure used by the court was one that the court could "not lawfully adopt." The lack of jurisdiction to enter an order under any of these circumstances renders the order a complete nullity and it may be "impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." . . . In contrast, an order is merely voidable if it contains reversible error made by the trial court.

<u>Singh v. Mooney</u>, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) (internal citations omitted).

As failure to appoint a guardian <u>ad</u> <u>litem</u> in the case of a convict, like Lowe, renders an adjudication merely voidable, it "may be set aside only (1) by motion to the trial court filed within twenty-one days of its entry, as outlined in Rule 1:1, (2) on direct appeal, or (3) by bill of review." <u>Pigg</u>, 17 Va. App. at 760 n.5, 441 S.E.2d at 219 n.5; <u>see</u> <u>also</u> <u>Blunt v. Lentz</u>, 241 Va. 547, 404 S.E.2d 62 (1991); <u>Rook v. Rook</u>, 233 Va. 92, 353 S.E.2d 756 (1987). Having pursued none of the foregoing options and seeking to avoid the outcome <u>Pigg</u> and <u>England</u> mandate, Lowe alleges on appeal that the habitual offender adjudication in the Circuit Court of Tazewell County was procured by extrinsic fraud.

-

"Fraud consists of a false representation of a material fact, made intentionally and knowingly, with the intent to mislead, upon which the defrauded person relies to his detriment." Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 490 (1993). Fraud may be extrinsic or intrinsic.

"Extrinsic fraud" exists when conduct prevents "a fair submission of the controversy to the court." Id. (citing Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983)). A judgment procured by extrinsic fraud is void and subject to either direct or collateral attack. Id.; see also Jones, 224 Va. at 607-08, 299 S.E.2d at 508; Holmes v. Holmes, 8 Va. App. 457, 458-59, 382 S.E.2d 27, 28 (1989).

Conversely,

> "[i]ntrinsic fraud" includes perjury, use of forged documents, or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact. . . . When a party discovers that a judgment has been obtained by intrinsic fraud, the party must act by direct attack or appeal to rectify the alleged wrong and cannot wait to assail the judgment collaterally whenever it is enforced.

Peet, 16 Va. App. at 326-27, 429 S.E.2d at 490; see also Jones, 224 Va. at 607, 299 S.E.2d at 508.

Lowe argues that extrinsic fraud was committed upon the Circuit Court of Tazewell County due to his disability (incarceration) at the time of his habitual offender adjudication, his absence from the hearing, and the court's

-

failure to appoint a guardian ad litem. Due to this extrinsic fraud, Lowe contends his habitual offender adjudication in the Circuit Court of Tazewell County was void ab initio and subject to collateral attack in his subsequent Smyth County proceeding. We disagree.

The record supports the conclusion Lowe's status as an incarcerated felon was a material fact clearly known by the court. The same circuit court judge who revoked Lowe's suspended sentence presided over the habitual offender proceeding two months later. The court mailed a copy of Lowe's habitual offender adjudication to the Powhatan Correctional Center which further evidences the court was cognizant of Lowe's incarceration.

Lowe has offered no evidence that the Commonwealth's Attorney made any effort, intentional or otherwise, to conceal the fact of his incarceration from the court. Furthermore, if the Commonwealth's Attorney had made such a representation, intentionally or unintentionally, there could have been no detrimental reliance because the court knew Lowe's true status. Where no misrepresentation has been made, and no detrimental reliance has occurred, there can be no fraud. It is apparent from the record there was no fraud on the Circuit Court of Tazewell County.[3]

---

[3] Assuming arguendo, that a fraud had been perpetrated on the Tazewell County Circuit Court, there is no showing that the

-

Even if we were to assume that Lowe's absence from the habitual offender proceeding constituted a fraud on the court, Lowe's argument ultimately fails.  Lowe acknowledges he received notice of the habitual offender proceeding.  Therefore, he was on notice of the hearing date and could have taken steps at that time to request a continuance, a transportation order, or the appointment of a guardian ad litem.  His absence, if it constituted fraud, would be intrinsic, not extrinsic, and "[w]hen a party discovers that a judgment has been obtained by intrinsic fraud, the party must act by direct attack or appeal to rectify the alleged wrong and cannot wait to assail the judgment collaterally whenever it is enforced."  Peet, 16 Va. App. at 326, 429 S.E.2d at 490 (citing Jones, 224 Va. at 607, 299 S.E.2d at 508).  Lowe failed to attack his habitual offender adjudication directly within the time limits set forth under the law.  He cannot now challenge the outcome of that proceeding collaterally.

### III.  CONCLUSION

For the reasons previously stated, we affirm the decision of the Smyth County Circuit Court denying Lowe's motion to vacate.

Affirmed.

---

court detrimentally relied on Lowe's absence or incarceration status in rendering its adjudication order.  Lowe neither proffered nor introduced any evidence that the adjudication order was incorrect.

-