**Alexandria**

RICHARD C. PEET

v.

BARBARA J. PEET

No. 1823-91-4

Decided May 4, 1993

324

COUNSEL

Richard C. Peet, *pro se.*

Alex Salen (David L. Duff, on brief), for appellee.

OPINION

**COLEMAN, J.**—In this appeal from a civil contempt citation for failing to pay spousal support, Richard C. Peet contends that the trial judge erred by refusing to permit him to attack the validity of the consent decree that granted Barbara Peet spousal support and the decree that granted her custody of their daughter. The trial judge found Richard Peet in contempt for failing to pay spousal support and sentenced him to fifteen days in jail, suspended on the condition that he comply with the support decree. Richard Peet contends that Barbara Peet obtained his consent to the support decrees and obtained child custody by fraud and perjury upon him that should have invalidated both decrees. Because Barbara Peet's purported misrepresentations

did not constitute the type of fraud that can be raised collaterally to attack a decree, we conclude that the trial judge did not err by ruling that Richard Peet's evidence was not admissible in the show cause contempt hearing. Accordingly, we affirm.

On July 8, 1988, the Peets were divorced. The divorce decree incorporated the terms of a settlement agreement that granted Barbara Peet spousal support and granted Richard Peet custody of their minor daughter. On September 28, 1990, on Barbara Peet's motion, the court heard her petition to change child custody and to recover delinquent spousal support. After both parties testified, the trial judge granted Barbara Peet custody and found Richard Peet in contempt of the court's July 8, 1988, decree for willfully failing to pay spousal support. The judge continued the matter until December 7, 1990, to allow Richard Peet to purge himself of contempt.

On December 7, prior to the scheduled hearing, Richard Peet met with Barbara Peet and her counsel to discuss a proposed consent decree in which he was to pay her child and spousal support. According to Richard Peet, when it became apparent that they could not agree, he decided to go forward with the hearing. Richard Peet contends that at the December 7, 1990, hearing, he intended to challenge the validity of the September 28 change of custody decree on the ground that Barbara Peet had perjured herself as to facts relevant to the change of custody. He subpoenaed three of his daughters because he expected to prove through their testimony Barbara Peet's alleged perjury at the September 28, 1990, hearing. Barbara Peet, without informing Richard Peet, allegedly telephoned her daughters the evening before the hearing and informed them that they did not need to appear because she and their father were planning to settle the case before the hearing. Richard Peet testified he elected to sign the consent decree when he learned that his daughters were not in court. The trial judge accepted and entered the consent decree.

Thereafter, Richard Peet refused to pay the child and spousal support according to the terms of the consent decree. The trial court held another show cause hearing on July 19, 1991, at which time Richard Peet again attempted to attack the validity of the September 28, 1990, custody order on the ground that Barbara Peet had committed perjury. He also contested the validity of the December 7, 1990, consent support decree on the ground that she had fraudulently induced him into signing it by preventing the daughters from appearing at the hearing.

The trial judge disallowed the challenge, found Richard Peet in contempt, ordered that he pay $3,450 in support arrearage, and sentenced him to fifteen days in jail.

We reject Barbara Peet's plea in bar that Richard Peet's appeal is premature because the contempt citation is interlocutory and Code § 19.2-318 limits appeals to this Court from "final" civil contempt decrees. A judgment of contempt that suspends or reserves the imposition of a penalty is not "final" and, therefore, is not appealable. *See E.I. du Pont de Nemours & Co. v. Universal Moulded Prods. Corp.*, 189 Va. 523, 526, 53 S.E.2d 835, 836 (1949). *See also Minnesota Dep't of Human Servs. v. Peterson*, 387 N.W.2d 474, 475 (Minn. Ct. App. 1986); *State ex rel. Neal v. Hamilton Circuit Court*, 224 N.E.2d 55, 58 (Ind. 1967). The rationale for this principle is that until a contemnor is put to his penalty, all issues have not been adjudicated. Unlike the interlocutory contempt decree in the *E.I. du Pont* case, the instant decree sentenced Richard Peet to fifteen days in jail and suspended execution of the sentence until a date certain. The fact that the court suspended execution of the sentence and continued the case until a date certain so that Richard Peet could purge himself of the civil contempt does not make the decree interlocutory. The contempt decree imposed a sentence and fully adjudicated all issues; it was final, and this Court has jurisdiction of the appeal.

Generally, a judgment or decree rendered by a court having jurisdiction over the parties and subject matter must be challenged by direct appeal and cannot be attacked collaterally. *Eagle, Star & British Dominions Ins. Co. v. Heller*, 149 Va. 82, 100, 144 S.E. 314, 319 (1927); *cf. Garritty v. Virginia Dep't of Social Servs. ex rel. Sinift*, 11 Va. App. 39, 41-42, 396 S.E.2d 150, 151 (1990). A party may, however, assail a void judgment at any time, by direct or collateral attack. *Beck v. Semones*, 145 Va. 429, 441, 134 S.E. 677, 680 (1926); *Garritty*, 11 Va. App. at 42, 396 S.E.2d at 151. Although a judgment obtained by "extrinsic fraud" is void and, therefore, subject to direct or collateral attack, a judgment obtained by "intrinsic fraud" is merely voidable and can be challenged only by direct appeal or by a direct attack in an independent proceeding. *Jones v. Willard*, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983); *Holmes v. Holmes*, 8 Va. App. 457, 458-59, 382 S.E.2d 27, 28 (1989).

"Intrinsic fraud" includes perjury, use of forged documents, or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon

by the trier of fact. *Jones*, 224 Va. at 607, 299 S.E.2d at 508; *Holmes*, 8 Va. App. at 458-59, 382 S.E.2d at 28; *see also* 11A Michie's Jurisprudence *Judgments and Decrees* § 143 (1978). A collateral attack on a judgment procured by intrinsic fraud has been deemed not warranted because the parties have the opportunity at trial through cross-examination and impeachment to ferret out and expose false information presented to the trier of fact. When a party discovers that a judgment has been obtained by intrinsic fraud, the party must act by direct attack or appeal to rectify the alleged wrong and cannot wait to assail the judgment collaterally whenever it is enforced. *Jones*, 224 Va. at 607, 299 S.E.2d at 508.

■ By contrast, "extrinsic fraud" consists of "conduct which prevents a fair submission of the controversy to the court" and, therefore, renders the results of the proceeding null and void. *Id.* A collateral challenge to a judgment obtained by extrinsic fraud is allowed because such fraud perverts the judicial processes and prevents the court or non-defrauding party from discovering the fraud through the regular adversarial process.

In the present case, accepting Richard Peet's assertions as true, he contests the validity of the September 28, 1990, custody order on the ground that Barbara Peet testified falsely as to certain facts concerning the children and their relationship with their parents. To the extent that Richard Peet's claim is that Barbara Peet committed perjury, it constitutes an allegation of intrinsic fraud. This is a matter that must be addressed during cross-examination and through impeachment or in a separate proceeding directly attacking the decrees.

■ Richard Peet also cannot challenge the validity of the December 7, 1990, consent support decree on the ground that Barbara Peet fraudulently induced him into signing it. While this is a claim of extrinsic fraud, Peet did not prove a misrepresentation; thus, he failed to prove fraud. Fraud consists of a false representation of a material fact, made intentionally and knowingly, with the intent to mislead, upon which the defrauded person relies to his detriment. *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984); *Batrouny v. Batrouny*, 13 Va. App. 441, 443, 412 S.E.2d 721, 723 (1991). Richard Peet does not assert that Barbara Peet made any misrepresentation concerning her or the children's needs or income or that he signed the decree upon a false belief concerning matters material to the issue of support. Barbara Peet told him that the daughters would not be appearing for the trial on December 7, 1990. This statement was true. She

misrepresented to him no facts that were material to the substantive issues. Richard Peet signed the consent decree knowing that the daughters had been subpoenaed, but were not present, and with full knowledge concerning the facts relating to support. The fact that Barbara Peet may have told the daughters, who had been summoned, that they did not have to appear, though improper, was not a fraudulent misrepresentation. Richard Peet had the option of compelling the attendance of his witnesses or requesting a continuance. He chose to do neither. This choice was not made in reliance on a false representation of a material fact made by Barbara Peet with the intent to mislead.

The contempt decree is affirmed.

*Affirmed.*

Barrow, J., and Benton, J., concurred.