COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


SHIRLEY D. SHOCKEY

v.    Record No. 1358-95-4          MEMORANDUM OPINION[*] BY
                                    CHIEF JUDGE NORMAN K. MOON
J. DONALD SHOCKEY, JR.                   MARCH 5, 1996

          FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                    Perry W. Sarver, Judge

          P. Kay Adrian (Chasler, Adrian & Bowman,
          P.C., on briefs), for appellant.

          Marcia M. Maddox (Heather A. Dipoma, Law
          Office of Marcia M. Maddox, on brief), for
          appellee.


     Shirley D. Shockey appeals the judgment of contempt against
her for failure to endorse tax refund checks as required by the
separation and property settlement agreement that was
incorporated into the final decree of divorce.  Mrs. Shockey
argues that the provision requiring her to endorse the checks
should be severed from the agreement because Mr. Shockey did not
adequately disclose the nature and amount of the tax refunds
before the agreement was signed.  We hold that Mrs. Shockey's
appeal is not properly before this Court because she did not
object to or appeal from entry of the final decree.  That decree
became the final order of the court, and could not be
collaterally attacked in the contempt proceeding.  We therefore
affirm the court's finding of contempt against Mrs. Shockey, and

─────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

reverse the trial court's denial of attorney's fees to Mr. Shockey.

After their separation, Mr. and Mrs. Shockey negotiated a separation and property settlement agreement. The agreement provided, inter alia, that amended tax returns and refund claims for prior years were being prepared. Mrs. Shockey agreed to sign the amended returns and to promptly endorse any refund checks, which would then be paid to Mr. Shockey's Subchapter S corporations. The agreement also provided that the parties had made full disclosure of the extent of their assets.

The amended returns were prepared between the signing of the agreement and entry of the final decree. Due to losses sustained by the Subchapter S corporations as well as adjustments made due to an IRS audit, the refunds due were in excess of $400,000. Mrs. Shockey claims that when she saw the amended returns, she learned for the first time that the refunds were substantial and that they were the parties' personal refunds. She failed to object to the final decree, which incorporated the settlement agreement, and it was entered on December 14, 1994. Mrs. Shockey did not appeal at that time.

Shortly after entry of the final decree, the refund checks began to come in. Mrs. Shockey refused to endorse them. Mr. Shockey commenced contempt proceedings against Mrs. Shockey in January 1995. Between that time and the contempt hearing on April 5, he paid the alimony into "escrow" with his attorney. Mrs. Shockey defended the rule to show cause on the ground that

Mr. Shockey had misrepresented the amount and nature of the tax refunds, thus inducing her to agree to sign them over to him under the agreement, and had failed to disclose the nature and value of the refunds in violation of the provision on full disclosure.

The trial court found that Mr. Shockey had made no misrepresentation and that he disclosed all of his assets. The trial court found both parties in contempt, ordered both parties to pay interest on the funds withheld, and denied attorney's fees to both parties.

Although Mrs. Shockey knew all relevant facts concerning Mr. Shockey's alleged misrepresentation before the final decree was entered, she waited until the contempt proceedings to raise her claims concerning Mr. Shockey's failure to disclose. When a separation and property settlement agreement, incorporated into the final decree of divorce, is attacked in the context of a contempt proceeding, this constitutes an attack on the decree itself. Rook v. Rook, 233 Va. 92, 94, 353 S.E.2d 756, 757 (1987). Under Rule 1:1, the trial court retains jurisdiction over a final decree for twenty-one days after its entry. After that, absent a perfected appeal, the judgment is final and conclusive and cannot be collaterally attacked in a contempt proceeding. Id. at 95, 353 S.E.2d at 758.

A judgment that is void may be attacked at any time, including through a contempt proceeding. Id.; Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 490 (1993). A judgment

- 3 -

procured through extrinsic fraud is void, while a judgment procured through intrinsic fraud is merely voidable. Peet, 16 Va. App. at 326, 429 S.E.2d at 490.

Mrs. Shockey's counsel stated at oral argument that she does not claim that the judgment was procured by fraud. Even if she did so claim, a judgment procured by intrinsic fraud can only be challenged on direct appeal or by a direct attack in an independent proceeding. Id. Mrs. Shockey employed neither of these methods. And, even if her claim is one of extrinsic fraud, she must prove a misrepresentation. Peet, 16 Va. App. at 327, 429 S.E.2d at 490. The trial court found that she failed to do so, and this finding is not clearly erroneous. Mrs. Shockey therefore has no basis to challenge the validity of the agreement as incorporated into the final decree of divorce, and the judgment of contempt is affirmed.

Mr. Shockey asks us to reverse the trial court's denial of attorney's fees. The separation and property settlement agreement provided that in the event of default, the defaulting party would indemnify the other party for all reasonable expenses and costs, including attorney's fees, incurred in successfully enforcing the terms of the agreement. Under the terms of the agreement, Mr. Shockey is entitled to the fees and costs he incurred in requiring Mrs. Shockey to sign the tax returns, less any sums incurred by Mrs. Shockey in requiring him to pay support. See Sanford v. Sanford, 19 Va. App. 241, 249-250, 450 S.E.2d 185 (1994). We therefore reverse the denial of attorney's

fees to Mr. Shockey and remand the case to the trial court for a determination of reasonable attorney's fees including those incurred upon appeal.

<u>Affirmed in part, reversed in part, and remanded.</u>