COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


MURRAY L. STEINBERG

MEMORANDUM OPINION[*]
v.   Record No. 2557-96-2                                   PER CURIAM
JULY 15, 1997
KATHERINE T. STEINBERG


FROM THE CIRCUIT COURT OF
HENRICO COUNTY
L. A. Harris, Jr., Judge

(Murray L. Steinberg, pro se, on briefs).

(Murray J. Janus; Bremner & Janus, on
brief), for appellee.


Murray L. Steinberg (father) appeals the decision of the

circuit court denying his motion to modify the visitation

schedule shared with Katherine T. Steinberg Shumaker (mother).

In a previous appeal, we remanded this matter to the trial court

for it to hold an evidentiary hearing. See Steinberg v.

Steinberg, Record No. 2315-95-2 (Va. Ct. App. June 18, 1996).  In

this appeal, father contends that the circuit court (1) lacked

subject matter jurisdiction; (2) erred in denying father's

recusal motion; (3) denied father and daughter due process and

equal protection of the law; (4) violated the First Amendment

rights of father and daughter; (5) erred in finding no

substantial change in circumstances; (6) erred in failing to

consider the statutory factors set out in Code § 20-124.3; (7)

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

erred in failing to consider Code § 20-124.2; (8) caused the child to be "abused or neglected" under Code § 16.1-228; and (9) violated Rule 5A:8 by relying upon the hearing transcript rather than father's proposed written statement of facts. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

Issue 1

Father once again raises the issue whether the circuit court had subject matter jurisdiction to initially decide custody. The initial custody decision was appealed and affirmed. See Steinberg v. Steinberg, Record Nos. 1839-91-2, 2036-91-2, 2172-91-2 (Va. Ct. App. Feb. 9, 1993). Father's current challenge to the circuit court's jurisdiction rests on allegations of fraud and factual determinations in connection with mother's divorce action filed in the circuit court. Among other allegations, father contends that there was no cause pending in the circuit court because mother's bill of complaint was flawed. However, those challenges were not raised at the time of the initial appeal.

> Generally, a judgment or decree rendered by a court having jurisdiction over the parties and subject matter must be challenged by direct appeal and cannot be attacked collaterally. A party may, however, assail a void judgment at any time, by direct or collateral attack. Although a judgment obtained by "extrinsic fraud" is void and, therefore, subject to direct or collateral attack, a judgment obtained by "intrinsic fraud" is merely voidable and can be

2

challenged only by direct appeal or by a
direct attack in an independent proceeding.

> "Intrinsic fraud" includes perjury, use of forged documents, or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact. A collateral attack on a judgment procured by intrinsic fraud has been deemed not warranted because the parties have the opportunity at trial through cross-examination and impeachment to ferret out and expose false information presented to the trier of fact. When a party discovers that a judgment has been obtained by intrinsic fraud, the party must act by direct attack or appeal to rectify the alleged wrong and cannot wait to assail the judgment collaterally whenever it is enforced.

Peet v. Peet, 16 Va. App. 323, 326-27, 429 S.E.2d 487, 490 (1993) (citations omitted). Father's challenge to the subject matter jurisdiction of the circuit court is based upon allegations of intrinsic fraud. Father cannot make that challenge by collateral attack.

## Issue 2

The recusal decision is left to the sound discretion of the trial judge. See Deahl v. Winchester Dep't. of Social Servs., 224 Va. 664, 672-73, 299 S.E.2d 863, 867 (1983). The trial judge stated that he could give appellant a fair hearing. Upon reviewing the record, we find no abuse of discretion in the trial judge's decision to deny father's motion to recuse.

## Issue 3

Father's allegation that he was denied due process in the custody determination on April 21, 1991 is without merit. The record demonstrates that mother's motion to quash father's

4

interrogatories and requests for admission was timely received.

Father also argues that the trial court denied him due process and/or equal protection of the law by not ruling on his motion for a change in the parenting arrangements, custody or transportation of the child; not allowing him to present evidence on his motion for recusal; and not swearing him in as a witness prior to his testimony.

A custody determination was not before the court. The remand from this Court concerned a visitation dispute. The trial court entertained father's arguments on that issue.

Father cites to no statutory or case law, and we know of none, that requires a trial court to hear evidence on a recusal motion.

Finally, the transcript of the evidentiary hearing clearly states that father was "duly sworn" prior to his testimony.

Having considered father's additional allegations that he was denied due process and equal protection of the law, we find those allegations without merit.

## Issue 4

Father contends that the current custody arrangement unconstitutionally impinges on his freedom of religion. There is no evidence in the record that the child's exercise of religion is impeded or impaired by the custody arrangement. On the contrary, the record reflects that father has been able to expose the child to religious training through his visitation on

5

alternative weekends and Jewish holidays. Moreover, in the order from which father appeals, the court granted a modification of father's regular Tuesday afternoon visitations so that the child could attend religious school, as father requested. The trial court found no evidence that mother was interfering with the daughter's exposure to Judaism. Father's challenge to the current custody arrangements on First Amendment grounds is not supported by the record.

### Issues 5 and 6

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration[s].'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). In considering a petition to change child custody, a trial court applies a two-part test to determine "(1) whether there has been a [material] change of circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

> [D]espite changes in circumstances, there can be no change in custody unless such change will be in the best interests of the children. The second prong, then, is clearly the most important part of the two-part test. It underscores the importance we place upon securing the best interests of children whose interests, in the final analysis, must be protected by the courts.

Keel v. Keel, 225 Va. 606, 612, 303 S.E.2d 917, 921 (1983).

6

The trial court received the evidence presented by the parties, including father's evidence challenging the quality of the child's current school and day care, and heard the testimony of the witnesses.  The transcript demonstrates that the court allowed father to present relevant evidence concerning changed circumstances.  The court concluded however, that, with the exception of an extended visit on Tuesdays for religious school, a change in the current custody arrangements was not warranted. The evidence supports the trial court's conclusions, and, as noted below, it is clear that the decision was made with the best interests of the child as the foremost concern.

While father contends that the court failed to consider the child's best interests, the record demonstrates the opposite. The court remarked on how well the child continues to function, despite the numerous custody hearings.  The court noted that it "has set what it feels is the best visitation for the child."  It also noted that

> [w]e've been through [what would make the parents work better together] a number of times and the Court has set what it feels to be the best interest of the child.  And I would have to say from the results things are not going particularly bad at this particular time as far as [the child] is concerned. That's my only concern.

In fact, the court found that the child "continues to do extremely well."  Therefore, we find no evidence that the trial court failed to consider the best interests of the child, as required under Code § 20-124.3.

7

## Issue 7

The visitation arrangement allowed the parties equal time with the child. Under the appealed order, father was granted an extension of his Tuesday visitations. Father's argument that the court's decision violated Code § 20-124.2 is without merit.

## Issue 8

The trial court found that father's contentions that the day care and elementary school placed the child at risk were unsupported by the evidence. The court noted that the child continued "to do extremely well" in her current arrangement. The mere fact that the day care may care for some dysfunctional children, or that the elementary school near father's home had higher standardized test scores than the child's current school, does not mean that the child is an abused or neglected child within the meaning of Code § 16.1-228.

## Issue 9

Father timely filed a proposed Written Statement of Facts. Mother objected to the statement and filed a transcript of the hearing. The trial court ruled that the transcript of the hearing constituted the Statement of Facts. Rule 5A:8 allows the trial judge to make corrections, additions, and certifications of the manner in which the record is incomplete. We find no error in the trial court's decision to rely upon the hearing transcript rather than father's proposed written statement. See White v. Morano, 249 Va. 27, 452 S.E.2d 856 (1995).

8

Accordingly, the decision of the circuit court is summarily affirmed.

**Affirmed.**
