COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


LESLIE LOVELL WARREN

v.   Record No. 0479-98-4

FLORENCE PHUONG-DUNG PHAM

MEMORANDUM OPINION[*]
PER CURIAM
JULY 28, 1998


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Jane Marum Roush, Judge

              (James W. Patterson, on brief), for
              appellant.

              (Lawrence D. Gaughan; Gaughan &
              Schargorodski, on brief), for appellee.


     Leslie Lovell Warren (Warren) appeals the decision of the

circuit court dismissing his Petition to Set Aside Equitable

Distribution Based Upon Fraud.  Warren alleged that Florence

Phuong-Dung Pham (Pham) failed to disclose assets she possessed

at the time of the parties' equitable distribution.  The circuit

court treated Pham's Motion to Dismiss as a demurrer, found that

Warren's petition alleged intrinsic fraud, and granted the

demurrer.  Warren contends that the trial court erred by finding

that his petition alleged intrinsic, rather than extrinsic,

fraud.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule

5A:27.
_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Generally, a judgment or decree rendered by a court having jurisdiction over the parties and subject matter must be challenged by direct appeal and cannot be attacked collaterally. A party may, however, assail a void judgment at any time, by direct or collateral attack. Although a judgment obtained by "extrinsic fraud" is void and, therefore, subject to direct or collateral attack, a judgment obtained by "intrinsic fraud" is merely voidable and can be challenged only by direct appeal or by a direct attack in an independent proceeding.

Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 490 (1993) (citations omitted).

Warren filed this collateral action to set aside the parties' 1993 divorce decree based upon his allegations that Pham committed extrinsic fraud upon the court by giving false answers to various interrogatories and in testimony during the parties' equitable distribution proceeding.

"'[E]xtrinsic fraud' consists of 'conduct which prevents a fair submission of the controversy to the court . . . .'" Id. at 327, 429 S.E.2d at 490. See Jones v. Willard, 224 Va. 602, 299 S.E.2d 504 (1983) (employee alleged employer intimidated her from pursuing appeal). "'Intrinsic fraud' includes perjury, use of forged documents, or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact." Peet, 16 Va. App. at 326-27, 429 S.E.2d at 490 (citations omitted). Warren alleged Pham committed perjury. As we noted in Peet,

[a] collateral attack on a judgment procured by intrinsic fraud has been deemed not warranted because the parties have the

> opportunity at trial through
> cross-examination and impeachment to ferret
> out and expose false information presented to
> the trier of fact. When a party discovers
> that a judgment has been obtained by
> intrinsic fraud, the party must act by direct
> attack or appeal to rectify the alleged wrong
> and cannot wait to assail the judgment
> collaterally whenever it is enforced.

Id. at 327, 429 S.E.2d at 490 (citation omitted). Nothing in Warren's allegations suggested that he was denied the opportunity to "ferret out" false information in the course of the parties' previous litigation. The trial court properly characterized Warren's allegations as intrinsic fraud and denied his petition to set aside the equitable distribution order.

We find unpersuasive Warren's argument that Code § 8.01-428(c) provides a court unlimited authority to set aside a judgment procured by fraud. Nothing in the statute sweeps so broadly. By its express terms, the statute "does not limit the power of the court . . . to set aside a judgment or decree for fraud upon the court." (Emphasis added.). Nothing in Code § 8.01-428(c) overrides the rule of finality of judgments nor grants the court the authority to set aside what was, at most, a voidable judgment. See generally Rule 1:1.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.