# CIRCUIT COURT OF THE CITY OF RICHMOND

Lease Corporation
of America

v.

Seaway Express, Inc.,
and Donald L. Unmussig, Sr.

September 30, 1999

Case No. CM99-300

BY JUDGE MELVIN R. HUGHES, JR.

In this matter, a judgment debtor, named as defendant in a Michigan default judgment order domesticated here, has moved to set the judgment aside and enjoin its enforcement.

A second hearing on the judgment debtor's (Unmussig) motion was held on September 17, 1999. At the first hearing, the court ordered a stay for a period of forty-five days. Now the motion is renewed as before on the basis of lack of personal jurisdiction and signature forgery on the equipment lease, which is the basis for the judgment. Unmussig brings the motion after service of a garnishment summons on his bank account.

At the second hearing, the court did not have the court file. After taking evidence, which consisted only of the testimony of the judgment debtor, the court took the case under advisement. The court decides to defer a decision on the motion.

According to the testimony, Unmussig has never been to Michigan and, as noted, denied that the signature on the equipment lease is his. Rather, he said that his brother forged his name to the document in connection with the brother's business dealings. He stated that at his brother's urging, he may have sent two payments on the account to Michigan but did not know then what the nature of the obligation was. He asked the court to compare the lease signature with his own, which he contends, can be seen as not the same upon

examination. The equipment lease contains a provision consenting to jurisdiction in Michigan. These provisions have been upheld to allow personal jurisdiction. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991); *Brock v. Entre Computer Centers, Inc.*, 933 F.2d 1253 (4th Cir. 1991).

Unmussig first states that he was never given an opportunity to object to the docketing of the judgment prior to the garnishment summons, which was his first notice. He also says he does not remember being served in the underlying case. The only record the court has shows that the Notice of Filing of Foreign Judgment was sent by certified mail by the clerk to Unmussig at 6862 Brentford Drive, Richmond, Virginia 23235, on May 5, 1999. The garnishment summons also carries the same address. Counsel for the judgment creditor represented that service in the underlying case was obtained through the Chesterfield County Sheriff, where Unmussig lives.

Chapter 17.1, § 8.01-465.1 *et seq.*, the Uniform Enforcement of Foreign Judgments Act, governs the enforcement of foreign judgments in the Commonwealth. Under § 8.01-465.2:

> [a] judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of any city or county of this Commonwealth and may be enforced or satisfied in like manner.

So, the question becomes whether this foreign judgment, now domesticated, could be set aside for the reasons advanced under Virginia law. In Virginia, "[c]ode § 8.01-428 specifies the remedies and procedures available to a party who seeks ... [to] set aside ... a judgment." *Charles v. Precision Tune, Inc.*, 243 Va. 313, 317 (1992). Under the A(i) portion of the statute, a default judgment can be set aside for "fraud on the court." Also, part C speaks to there being no limitation on the right to pursue "an independent action to relieve a party from any judgment or proceeding ... or to set aside a judgment or decree for fraud upon the court."

Unmussig's claim fails to establish "intrinsic fraud" which is not a basis for set aside. On the other hand, a judgment obtained by "extrinsic," as opposed to "intrinsic" fraud, is subject to collateral attack. *Peet v. Peet*, 16 Va. App. 323, 326-27 (1993). Extrinsic fraud is "conduct which prevents a fair submission of the controversy to the court." *Jones v. Willard*, 224 Va. 602, 607 (1983). "Intrinsic fraud includes perjury, use of forged documents, or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact." *Peet*, at 326-27 (internal quotes omitted). As Unmussig alleges the use of a

forged document to procure the judgment, he makes out a case of intrinsic fraud which, again, is not sufficient to set aside the judgment.

Unmussig testified that he was aware of the Michigan proceeding, talked to counsel for the plaintiff, and sent a letter stating that his name was forged. He stated that during a three way telephone conference involving himself, his brother, and the judgment creditor's attorney, the attorney assured Unmussig that the case would not go to judgment against him. Under the foregoing principles, Unmussig has presented a *prima facie* case of extrinsic fraud. The court will stay the proceeding further to allow the judgment creditor to adduce evidence here to counter Unmussig's claim that enforcement should not be allowed.