# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Stephen Adu Gyamfi

v.

Tinisha Monique Powell

March 2, 2001

Case No. (Chancery) CH001485

BY JUDGE ALFRED D. SWERSKY

The Court cannot grant the relief sought, namely, the setting aside of a divorce decree entered by the Court on November 8, 1999. The present action seeks to set aside that judgment based on claim of fraud in procuring the divorce decree. The fraud is alleged to be the perjury of Complainant in that cause (Defendant here) concerning the length of the separation of the parties. Defendant here has failed to respond and [the plaintiff] sought judgment based on a Bill *pro confesso*.

Since the Court has an interest separate and apart from the parties, the matter was taken under advisement. This interest is, of course, the finality of judgments.

Rule 1:1 of the Rules of Court makes all decrees of the circuit court final after twenty-one days. The decree may only be set aside for certain statutory reasons including "fraud on the Court." *See* Code of Va., § 8.01-428(A).

The type of fraud contemplated by the statute is referred to in the cases as "extrinsic," meaning conduct outside of the judicial process which prevents a fair submission of the controversy to the Court. *Peet v. Peet*, 16 Va. App. 323, 429 S.E.2d 487 (1993). This type of fraud is distinguished from "intrinsic" fraud which includes perjury as alleged here. Intrinsic fraud renders a judgment voidable not void and subject to attack only on direct appeal and not by collateral attack. *Campbell v. Campbell*, 1999 Va. App. LEXIS 52, 99 Vap. UNP 0172-97-2 (1999); *see also, Taylor v. Taylor*, 159 Va. 338, 165 S.E. 414 (1932). Rule 1:1, then, deprives this Court of jurisdiction to set aside, modify, or alter the November 8, 1999, decree.

12

In the underlying divorce action, Complainant here waived service of process and further notice of further proceedings and claims he was "coerced" into signing it. He further alleges that he did not remember reading the Complaint for divorce which he now alleges is perjured. He, therefore, had ample time prior to the divorce hearing to discover the alleged fraud but failed to do so.

Moreover, one year after the entry of the decree passed prior to his filing this action. This passage of time is particularly significant in divorce cases. *See Taylor*, 159 Va. at 351-52.

For these reasons, Complainant's motion for relief will be denied and this cause dismissed.