COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Haley and Petty
Argued at Salem, Virginia


TONYA ANN HAYTON (TRIVETT)

                                        MEMORANDUM OPINION[*] BY
v.      Record No. 2227-06-3                     JUDGE WILLIAM G. PETTY
                                              JUNE 5, 2007
DAVID MICHAEL HAYTON


FROM THE CIRCUIT COURT OF SMYTH COUNTY
Isaac St. C. Freeman, Judge

Nancyjean Bradford (Bradford & Smith, P.C., on brief), for
appellant.

R. Wayne Austin (Scyphers & Austin, P.C., on brief), for appellee.


Appellant, Tonya Ann Hayton Trivett (wife), appeals the trial court's order requiring her to

reimburse David Michael Hayton (husband) for payments made by him on a jointly owed debt that

she had discharged in bankruptcy.  While wife raises substantive issues on appeal, we need not

address them because we determine that the trial court never found her in contempt, and therefore

did not enter a final order.  Because the trial court's order is not final, we dismiss this appeal.

I. BACKGROUND

The parties were divorced on September 28, 2004.  Pursuant to the divorce decree, wife was

responsible to pay two Virginia Credit Union consolidation loans, in the amounts of approximately

$8,500 and $6,990.65.  Husband was also liable for these loans as a co-debtor.  On October 25,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  As the
parties are fully conversant with the record in this case, and because this memorandum opinion
carries no precedential value, we recite only those facts and incidents of the proceedings as are
necessary to the parties' understanding of the disposition of this appeal.

2005, wife discharged her debt to Virginia Credit Union in bankruptcy. While husband was noticed of the pending bankruptcy proceeding as a co-debtor, he did not appear at the proceeding.

After wife had discharged the debt and stopped making the payments ordered under the divorce decree, husband filed a motion to show cause why the trial court should not find wife in contempt for her failure to make the loan payments. Following a show cause hearing, the trial court found wife in contempt in a letter opinion dated November 9, 2005. Wife moved the trial court to reconsider its November 9 decision. The trial court held a hearing to reconsider on January 19, 2006, and the trial court issued another letter opinion on February 6, 2006. In pertinent part, the February 6 letter opinion stated that "[t]he two obligations to Virginia Credit Union are discharged as to Ms. Hayton and the trial court has no power to order her to pay them" because of the bankruptcy proceeding. However, the court went on to hold that, "[e]quity demands she reimburse Mr. Hayton for any amount which he has and will have to pay Virginia Credit Union . . . ." In that letter opinion the trial court also ordered wife to "reimburse Mr. Hayton $200 per month" until the debt was paid in full. The trial court also ordered husband to "furnish proof of payment to Virginia Credit Union . . . ." The trial court directed husband's attorney to prepare an order reflecting its decision. This letter opinion did not include any finding of contempt.

On May 8, 2006, the parties' counsel participated in a conference call with the trial court "in an attempt to clarify terms to be placed in the order directed by the Court's [February 6, 2006] letter opinion." Wife objected to "wording of the order that would deprive [wife] of an appealable final order." Following the conference call, the trial court issued another letter opinion on July 20, 2006. In that opinion, the trial court stated that it "fully intend[ed] to monitor the contempt of [wife]. Therefore, the letter opinion of February 6, 2006, is to be included in an order, which will not be final until all payments are made and [wife] is no longer in contempt of this court."

On August 2, 2006, the trial court entered an order, which incorporated the February 6, 2006 letter opinion. That order directed wife to "reimburse [husband] for any amount that he has or will pay to the Virginia Credit Union as a result of the two (2) debts set forth in the divorce decree . . . ." The trial court also ordered husband to "furnish proof of payment to the Virginia Credit Union by him . . . ." While the final order directs wife to reimburse husband for the loan payments, it is devoid of any language finding wife in contempt.

This appeal followed.

## II. ANALYSIS

In Peet v. Peet, 16 Va. App. 323, 429 S.E.2d 487 (1993), we determined that a contempt order is final for purposes of appeal if it adjudicates all issues and imposes a sentence on the contemnor. Id. at 326, 429 S.E.2d at 490. Here, though, the trial court did not enter a contempt order that adjudicated all issues, and we do not have jurisdiction to hear this appeal.

The Court of Appeals of Virginia is a court of limited jurisdiction. Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996). Unless a statute confers subject matter jurisdiction to this Court over a class of appeals, we are without authority to review an appeal. Id. According to Code § 17.1-405, we have jurisdiction of, *inter alia*, "any final judgment, order, or decree of a circuit court involving" domestic relations matters arising under Titles 16.1 or 20. A final order is one "that disposes of the whole subject, gives all the relief contemplated, and leaves nothing to be done in the cause save to superintend ministerially compliance with the order." Alexander v. Morgan, 19 Va. App. 538, 540, 452 S.E.2d 370, 371 (1995). To the extent that the order appealed from leaves matters to be accomplished and did not dispose of the whole subject, it is not a final order but rather interlocutory and not appealable.

In determining whether an order is final for the purpose of appeal, we are mindful that a trial court "speaks through its orders and those orders are presumed to accurately reflect what transpired" at trial. Rose v. Commonwealth, 37 Va. App. 728, 734, 561 S.E.2d 46, 49 (2002). This presumption applies even when "an order conflicts with a transcript of related proceedings." Marttila v. City of Lynchburg, 33 Va. App. 592, 598, 535 S.E.2d 693, 696 (2000).

Significantly, while the trial court here found wife in contempt in two separate letter opinions, the only letter opinion the trial court incorporated into its final order was the letter opinion that lacked the crucial finding that wife was in contempt. Here, given that numerous hearings were held, only some of which were transcribed, it is impossible to ascertain the intent of the trial court in any way other than through the plain language of its final order, and its choice to incorporate a letter opinion that did not contain a finding of contempt into its final order. As a result, we have before us for review a putative contempt order that makes no actual finding of contempt. The trial court did not "dispose of the whole subject" in its order because it did not find wife in contempt—the issue before it in the "motion to show cause" context. Thus, we do not have jurisdiction over this case and cannot hear this appeal.

III. CONCLUSION

Because no final order was entered below, we dismiss the appeal.

Dismissed.