COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Fulton and White

NATHAN DAVIS, SOMETIMES KNOWN AS
 NATHAN ANTONIO DAVIS

v.      Record No. 0972-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
JANUARY 10, 2023

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Nathan Davis, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Craig W. Stallard, Senior
Assistant Attorney General, on brief), for appellee.


In this appeal, we consider whether the trial court erred in dismissing Nathan Davis's

independent action to set aside judgment by default ("independent action") for failure to state a

claim. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). We affirm the trial court's judgment.

BACKGROUND

By order entered September 22, 2021, the Arlington County Circuit Court found as follows:

> [T]hat on October 17, 2013, [Davis] filed, as a civil action, a motion
> - as a new pleading - praying for an independent action to set aside a
> default judgment; that his civil action was assigned case number
> CL13-2305-00; that the default judgment he referenced was actually
> criminal convictions for possession with intent to distribute cocaine,
> possession of a firearm while in possession of cocaine, possession of
> a firearm by a convicted felon, and child endangerment; that [Davis]
> never caused his motion to be served on the [Attorney General]; that

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[Davis] let his matter sit dormant for close to five (5) years; that after more than three years passed with no order entered or proceeding scheduled in CL13-2305-00, the court administratively discontinued the matter pursuant to Va. Code § 8.01-335(B) on November 26, 2018, almost five (5) years after it was filed; that on August 26, 2019 [Davis] filed a petition *in forma peuperis* [sic] and motion to reopen CL13-2305-00, which petition *in forma peuperis* [sic] was granted by another judge of this court on September 4, 2019 and this action CL13-2305-01 was opened; that the Clerk of Court, without a request by [Davis], directed on October 9, 2019 that the motion to reopen be served on the Attorney General for the Commonwealth of Virginia; [and] that on October 21, 2019, service was effectively made on the Attorney General.[1]

Davis's independent action asserted that a police officer testified at trial that the car Davis had been driving was stopped because the officer suspected it was stolen. Attached to Davis's motion was a document purported to be a list of cars stolen from the Shirlington and Fairlington areas of Arlington County during the relevant time, which showed that the type of car he was driving was not listed. Davis thus concluded that the police officer had lied, that the Commonwealth's Attorney was aware of the lie, and therefore moved the court to vacate his convictions in accordance with Code § 8.01-428. Upon its review of the pleadings and exhibits, the trial court held that Davis failed to state a claim and dismissed his independent action. Davis noted this appeal.

ANALYSIS

Davis asserts that the trial court erred in dismissing his independent action, for failure to state a claim, and argues that his pleadings and exhibits sufficiently proved that the Commonwealth committed fraud upon the court in obtaining his criminal convictions. We disagree.

_____

[1] The supporting pleadings for these findings of fact are not contained within the record sent to us on appeal; however, we adopt these facts because a court speaks through its written orders. *See Hernandez v. Commonwealth*, 281 Va. 222, 226 (2011). Also, Davis's independent action is contained within the record because he refiled it on September 24, 2020.

- 2 -

We begin by noting that this motion to dismiss is akin to a demurrer for failure to state a claim upon which relief can be granted. "In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer." Code § 8.01-273. "A demurrer tests the legal sufficiency of the facts properly alleged in the challenged pleading and the inferences fairly drawn from those facts, all of which are accepted as true. A demurrer does not admit, however, the correctness of the pleader's legal conclusions." *Jared & Donna Murayama 1997 Tr. v. NISC Holdings, LLC*, 284 Va. 234, 245 (2012). "Because the circuit court's ruling on a demurrer presents an issue of law, we review the decision de novo." *Id.*

Rule 1:1 makes clear that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court . . . for twenty-one days after the date of entry, and no longer." However, Code § 8.01-428 provides limited exceptions to Rule 1:1, and states in relevant part:

> D. Other judgments or proceedings.—This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court.

Given that Code § 8.01-428 "does not create new rights or remedies," we construe it "narrowly to advance the principle of finality of judgments." *Virginia Polytechnic Inst. & State Univ. v. Prosper Fin., Inc.*, 284 Va. 474, 483 (2012).

> The party seeking to set aside a default judgment in an independent action brought pursuant to . . . Code § 8.01-428(D) must prove each of the following five elements:
>
> "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit

of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.* (quoting *Charles v. Precision Tune, Inc.*, 243 Va. 313, 317-18 (1992)).

Davis's written independent action asserted that, at trial, the Commonwealth conspired with its witnesses to suborn perjured testimony and, thus, prevented the court from performing its judicial duties. Davis now assigns error to the trial court's finding that his pleadings failed to prove the Commonwealth obtained his criminal convictions by fraud.

An allegation of fraud must be sufficiently pled. "[W]here fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence [sic] accordingly, and since [fraud] must be clearly proved it must be distinctly stated." *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295 (1996). (second and fourth alterations in original) (quoting *Ciarochi v. Ciarochi*, 194 Va. 313, 315 (1952)). The party alleging fraud "must prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *State Farm Mut. Auto. Ins. v. Remley*, 270 Va. 209, 218 (2005) (quoting *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 85 (1999)). "On review, we must affirm the trial court's judgment unless it is plainly wrong or without evidence to support it." *Jennings v. Jennings*, 26 Va. App. 530, 534 (1998).

Furthermore, two types of fraud are relevant to our analysis: extrinsic and intrinsic fraud. "Extrinsic fraud is fraud which occurs outside the judicial process and 'consists of conduct which prevents a fair submission of the controversy to the court.'" *F.E. v. G.F.M.*, 35 Va. App. 648, 659-60 (2001) (*en banc*) (quoting *Peet v. Peet*, 16 Va. App. 323, 327 (1993)). Under such circumstances, "[a] collateral challenge to a judgment . . . is allowed because such fraud perverts the judicial processes and prevents the court or non-defrauding party from discovering the fraud

through the regular adversarial process." *Peet*, 16 Va. App. at 327. "Extrinsic fraud, therefore, is fraud that . . . 'deprives a person of the opportunity to be heard.'" *G.F.M.*, 35 Va. App. at 660 (quoting *Hagy v. Pruitt*, 529 S.E.2d 714, 717 (S.C. 2000)). A judgment procured by extrinsic fraud "is *void* and subject to attack, direct or collateral, at any time." *Remley*, 270 Va. at 218 (quoting *Jones v. Willard*, 224 Va. 602, 607 (1983)).

Intrinsic fraud, however, includes "perjury, use of forged documents, or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact." *Peet*, 16 Va. App. at 326-27. "Although a judgment obtained by extrinsic fraud is void and, therefore, subject to direct or collateral attack, a judgment obtained by intrinsic fraud is merely voidable and can be challenged only by a direct appeal or by a direct attack in an independent proceeding." *Id*. at 326. A judgment procured by intrinsic fraud, then, is "voidable by direct attack at any time *before the judgment becomes final*." *Jones*, 224 Va. at 607 (emphasis added). "A collateral attack on a judgment procured by intrinsic fraud has been deemed not warranted because the parties have the opportunity at trial through cross-examination and impeachment to ferret out and expose false information presented to the trier of fact." *Peet*, 16 Va. App. at 327. A "party must act by direct attack or appeal . . . and cannot wait to [assault] the judgment . . . when[] it is enforced." *Id.* "It is settled beyond controversy that a [judgment] will not be vacated merely because it was obtained by forged documents or perjured testimony." *McClung v. Folks*, 126 Va. 259, 270 (1919).

The facts set forth in Davis's pleading do not sufficiently show that his criminal convictions were procured by extrinsic fraud. Rather Davis's pleadings, at best, allege intrinsic fraud. Davis's convictions arose out of an incident with the police that occurred on June 14, 2006, in which the car he was driving was the subject of a traffic stop that led to the seizure of drugs from Davis's person and weapons from the car. Davis later filed a motion to suppress, and the court conducted an

evidentiary hearing on that motion. At the suppression hearing, Officer Matt Owens testified that he was on the lookout for "people driving stolen cars," when he observed a "suspicious vehicle" matching the description of one of the vehicles that was stolen. He testified to the same facts at trial. Although Officer Owens did not specify whether the information regarding a stolen vehicle came from this list in his testimony, Davis's counsel had—and took—every opportunity to cross-examine him about his patrol, the reasons for stopping Davis, and the subsequent investigation and arrest.

Davis claims that, because the list of stolen vehicles from the Shirlington and Fairlington areas of Arlington County does not include a vehicle matching the description of the car he was driving, Officer Owens, with the Commonwealth's knowledge, lied about his reason for the stop. Davis concludes that the Commonwealth's failure to provide this list before the suppression hearing fraudulently led to the court's failure to suppress the evidence and ultimately led to his convictions. Davis's pleadings fail to show that Officer Owens knowingly and intentionally made a false representation of a material fact, relied upon by either Davis or the court, that resulted unlawfully in his criminal convictions. The evidence reflects the fact that Davis was never denied a trial or an opportunity to be heard. On the contrary, it shows that, even if Officer Owens had perjured himself, Davis was afforded every opportunity to ferret that out through cross-examination. Moreover, Officer Owens's summary states that the vehicle Davis was driving was, in fact, stolen out of Washington, D.C. It follows that the trial court did not err in dismissing his independent action for failure to state a claim.

CONCLUSION

The trial court correctly determined that the facts alleged in Davis's pleadings failed to state a claim that entitled him to any relief. Davis failed to establish that the Commonwealth committed extrinsic fraud on the court and, as a result, we affirm trial court's judgment.

*Affirmed.*