COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Huff and Callins

KALVIN DONNELL COWARD, A/K/A
 KELVIN DONNELL COWARD

v.      Record No. 0720-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
FEBRUARY 14, 2023

FROM THE CIRCUIT COURT OF HENRICO COUNTY
L. A. Harris, Jr., Judge

(Kalvin D. Coward, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.


Kalvin Donnell Coward challenges the trial court's denial of his "Independent Action" to

vacate his 1994 convictions for abduction, robbery, and two counts of use of a firearm. Coward

alleges his convictions are void as obtained by extrinsic fraud and that the trial court had the

authority under Code § 8.01-428(D) to vacate them. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's judgment.

BACKGROUND

A jury convicted Coward of the offenses in December 1994, and the trial court sentenced

him to a total of 45 years of incarceration. In 2005, Coward filed a motion with the trial court

alleging fraud upon the court and that the court lacked jurisdiction to convict him. The trial court

denied the motion, holding that it no longer had jurisdiction over the case. *See generally* Rule

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

1:1(a). In 2016, Coward again filed a motion to vacate his convictions, alleging extrinsic fraud and citing Code § 8.01-428(D). The trial court denied the motion for lack of jurisdiction. Coward filed another motion to vacate in 2017, which the trial court also denied. Coward's appeals to the Supreme Court of Virginia were unsuccessful.

In February 2022, Coward again moved the trial court to vacate his convictions arguing that they were obtained through extrinsic fraud. Coward's pleading repeats the same arguments he made in the 2016 motion and further asserts that the trial court's order denying the 2016 motion was itself void for lack of subject matter jurisdiction. Coward claims that there was a discrepancy between the Henrico Division of Police incident and crime report and other records and testimony. He concludes that the discrepancy proves that the incident report had been forged and further demonstrates the existence of a wide-ranging conspiracy against him involving his then-counsel, the Henrico County Police, the prosecutor, and witnesses who testified against him at trial. Coward asserts that the discrepancy shows that someone else was arrested on the day of the robbery and abduction and that the police later replaced the name of the actual perpetrator with his name. He also alleges that he received ineffective assistance of counsel.

The trial court denied the motion, again concluding that the case was no longer within its jurisdiction. Coward appeals.

ANALYSIS

Generally, a trial court retains jurisdiction to modify, vacate, or suspend final orders for 21 days after the date of entry. Rule 1:1(a). "On its face, Rule 1:1 terminates a court's jurisdiction twenty-one days after entry of a final order." *Martinez v. Commonwealth*, 71 Va. App. 318, 326-27 (2019). Clearly, more than 21 days had passed after Coward's 1994 sentencing order when he filed his fourth motion to vacate in 2022.

In the current action, Coward repeats his earlier claims that the 1994 judgment against him had been procured by "extrinsic or collateral" fraud and that under Code § 8.01-428(D)[1] the trial court had jurisdiction to entertain his motion. "Under settled legal principles, a judgment is void *ab initio* only if it 'has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties.'" *Pigg v. Commonwealth*, 17 Va. App. 756, 760 n.5 (1994) (en banc) (quoting *Rook v. Rook*, 233 Va. 92, 94-95 (1987)). Other defects render a judgment merely voidable; a voidable judgment "is not subject to collateral attack and is subject to the limitations of Rule 1:1." *Singh v. Mooney*, 261 Va. 48, 51 (2001). *See also* Code § 8.01-623; *Blunt v. Lentz*, 241 Va. 547, 550 (1991).

"Extrinsic fraud is fraud which occurs outside the judicial process and 'consists of "conduct which prevents a fair submission of the controversy to the court."'" *F.E. v. G.F.M.*, 35 Va. App. 648, 659-60 (2001) (quoting *Peet v. Peet*, 16 Va. App. 323, 327 (1993)). "It includes 'purposely keeping [the unsuccessful party] in ignorance of the suit.'" *Id.* at 660 (quoting *McClung v. Folks*, 126 Va. 259, 270 (1919)). "In all such instances the unsuccessful party is really prevented, by the fraudulent contrivance of his adversary, from having a trial." *Id.* (quoting *McClung*, 126 Va. at 270). "[T]he judgment of a court, procured by extrinsic fraud, . . . is void and subject to attack, direct or collateral, at any time." *T.S.G. v. B.A.S.*, 52 Va. App. 583, 589 n.3 (2008) (quoting *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218 (2005)).

In contrast, "a judgment obtained 'by *intrinsic* fraud, *i.e.*, by perjury, forged documents, or other incidents of trial related to issues material to the judgment, is voidable by direct attack at any time before the judgment becomes final." *Id.* (emphasis added) (quoting *Remley*, 270 Va. at

---

[1] "This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, . . . or to set aside a judgment or decree for fraud upon the court." Code § 8.01-428(D).

218).  "[A] judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith."  *Robertson v. Commonwealth*, 181 Va. 520, 536 (1943).  "This is true even if there is a fundamental error of law appearing upon the face of the record."  *Id.* at 536-37.

Coward's allegations of fraud center around an allegedly forged document.  Even if we were to accept his allegations as true, they would only demonstrate intrinsic fraud, which would render the verdict voidable, not void *ab initio*.  *See T.S.G.*, 52 Va. App. at 589 n.3 (intrinsic fraud includes forged documents).  As noted, an order that is merely voidable is not subject to collateral attack after the judgment becomes final.  *See id.*

Under these circumstances, the trial court properly concluded it lacked jurisdiction to consider Coward's motion to vacate that was filed more than 20 years after his convictions became final, because Coward failed to prove the judgment was void as obtained through extrinsic fraud.  "Virginia law does not permit a motion to vacate that is filed in a trial court long after the court lost active jurisdiction over the criminal case to serve as an all-purpose pleading for collateral review of criminal convictions."  *Jones v. Commonwealth*, 293 Va. 29, 53 (2017).  "Just as habeas corpus cannot be used as a substitute for a direct appeal, a motion to vacate cannot be used as a substitute for a habeas corpus petition."  *Id.* (internal citation omitted).

Consistent with controlling authorities, the trial court did not err in finding that it lacked jurisdiction to entertain Coward's motion to vacate filed long after his convictions became final in the trial court.  Accordingly, we affirm the trial court's decision.

*Affirmed.*